## RANDOLPH *vs.* SHARPE.

[BREACH OF COVENANT.]

1. *Complaint contains substantial cause of action.*—Complaint in this case, (set out in statement,) contains a substantial cause of action, and is good after judgment by default.

2. *Judgment by default; effect of on Code complaint.*—The effect of a judgment by default on a *Code* complaint is, that it is to be taken as an admission of all the facts necessary to sustain the cause of action ; and that the only question which is open on the execution of the writ of inquiry, is the *quantum* of damages.

3. *Evidence; what admissible in mitigation of damages.*—The complaint describes two subdivisions of land not conveyed by the deed from appellant to appellee ; and a proper transcript of said deed, without proof of execution, (Code, Art. III, Ch. 1, Tit. 1, p. 2,) was admissible to lay a predicate, to show by proof, that a part of the four 40 acre subdivisions surveyed, and ran around, and marked off by the witness who proved the value of the timber thereon, was not conveyed by the deed from appellant to appellee ; and thereby to mitigate the damages.

4. *Same; what not admissible.*—But such transcript would not be admissible to prove the purchase-money paid for said timber, as that was already established by the complaint.

5. *Same; what not admissible.*—A defective conveyance from one H. to M. J. & M., for the timber in question, and upon which they established their claim against appellee, not admissible evidence for appellant.

6. *Eviction; in this case not necessary to recovery.*—Under the covenant set out in the complaint, the right of appellee to recover for a breach of it, did not depend on his being deprived of the possession, and enjoyment of the timber.

7. *Damages; measure of.*—The measure of damages, the value of the timber to which M. J. & M. established their claim, taking locality into consideration, with interest from commencement of suit.

17

This was an action for breach of covenant by appellee against appellant; tried at February term, 1867, of the City Court of Montgomery, before Hon. T. M. ARRINGTON.

THE complaint in this case is in the words following, to-wit: "Reuben W. Sharpe, plaintiff, vs. Benjamin F. Randolph, defendant."

The plaintiff claims of the defendant twenty thousand dollars damages, for the breach of a covenant entered into by him on the 8th September, 1860, in substance as follows: The said defendant and his wife Anna P. Randolph, in consideration of the sum of seven thousand two hundred dollars, to them paid by said plaintiff, bargained, granted, and sold to said plaintiff, the following lands, lying in the county of Butler, in the State of Alabama, and known and described as, (here follows the description of the land by numbers,) all in section twenty-one, township nine, and range fourteen; together with a four horse wagon, a log wagon and four oxen; and in consideration of said sum of money so paid by said plaintiff, amongst other things, the defendant in said instrument conveying said lands as aforesaid, covenanted, that in case a claim to any of the timber on said lands should be established by Milner, Jones & Milner, he, the said defendant, would furnish to said plaintiff an equal amount of timber in value, taking into consideration its proximity to a mill on said lands; and said plaintiff avers, that the said Milner, Jones & Milner, established a claim to the timber on one hundred and sixty acres of said land, which said timber was worth twenty thousand dollars; and that the said Randolph, the defendant, although often requested, has not furnished to said plaintiff an equal amount of timber in value, taking into consideration its proximity to said mill on said lands, nor paid the plaintiff anything for the timber to which said claim was established."

At the fall term, 1862, a judgment by default, with a writ of inquiry, was awarded to the plaintiff. A motion by defendant afterwards to set aside the judgment by default, was overruled.

The writ of inquiry was executed at the March term,

1867, when the jury assessed the damages of the plaintiff at $2,050 00 dollars.

On the execution of the writ of inquiry, the plaintiff introduced evidence to show the value of the timber, and that it was on the land described in the complaint, and rested.

The defendant, to show the nature of the claim to the timber alleged to have been established by M. J. & M., offered to read what purported to be a deed from Mrs. H. to them for the said timber, which was invalid for want of due execution—overruled, and defendant excepted.

The defendant, for the purpose of showing that a portion of the land described in the complaint, and to which, as it was alleged, the claim to timber had been established by M. J. & M., had not been conveyed by appellant to appellee, offered in evidence a duly certified transcript of the deed from appellant and wife to appellee ; this the court overruled, and defendant excepted.

Defendant also offered the same certified transcript of said deed for the purpose of showing the purchase-money paid by appellee to appellant for the same ; this the court refused, and defendant excepted.

The court charged the jury : That the measure of damages was the value of the timber upon the 160 acres of land to which the said M. J. & M. had established a claim, taking into consideration its proximity to a mill on the lands mentioned in the complaint, with interest on that value from the time when this suit was commenced ; to this charge the defendant excepted.

Defendant requested the court to charge : That the plaintiff can recover nothing more than nominal damages, unless he proved that he has been deprived of the possession and enjoyment of the timber ; this the court refused, and defendant excepted.

There was a motion in arrest of judgment, founded on the insufficiency of the complaint, which was overruled.

The other facts of the case will sufficiently appear from the opinion of the court.

Both parties severally presented an application for a rehearing. These are noticed in the opinion.

MARTIN & SAYRE, and ELMORE & KEYES, for appellant. The motion in arrest of judgment should have been granted. The rule in pleading is that the legal intendment of the pleading shall always be most strongly against the pleader.

1. The complaint was defective. It should have averred that the "claim to the timber by Milner, Jones & Milner, had been *legally established ;* or

2. It should have averred the *manner* in which the claim had been established ; and that manner must have been one which the court could judicially determine to be a legal one.

3. It should have averred, that the claim which was established was the one covenanted against ; and unless it so avers, the legal intendment is, that it was not the same.

4. It should have set forth *how* the plaintiff was damnified ; as, that he lost the timber ; or was compelled to pay for it ; or some other manner in which he was damnified.

5. As to the breach ; it must be stated according to the nature of the stipulations, the subject matter, import, and effect of the contract ; if assigned in the words of the contract, and these are too general, it will not be sufficient.

If the allegations vary from the sense and substance of the contract, or the intention of the parties, as shown by the contract, it is insufficient.

In support of these propositions, 1 Chitty's P. 335, 367–8 ; *Marston v. Hobbs,* 2 Mass. 433 ; Story on Cont. § 634 ; 3 Bibb, 333 ; 2 Johnson, 1 ; 3 Saunders, 182 ; Wheaton's Selwyn, 472 ; Story on C. (4th Edition,) § 641, 634–6 ; 1 Douglass 72, 382 ; 3 Camp. 74 ; 5 Maule & Selwyn, 379 ; 1 Bros. & Puller ; 2 ib. ; 1 Shower, 321 ; 5 Ala. 576; ib. 161–2 ; 2 Saunders, 411, 177 ; 1 Henry Black, 34 ; Cowper 9 ; 4 Taunton, 593 ; 2 Maule & Selwyn, 363 ; 9 Wheaton, 720 ; 8 Mass. 275 ; 3 Burrows, 1727 ; 1 McCord, 111 ; 2 Hill, So. Ca. 589 ; 3 W. & Sarg. 407 ; 3 Penn. 452 ; 1 Ala. 502 ; 11 Ala. 783 ; 7 Watts, 323.

The covenant in this case was one for quiet enjoyment of the land, or the title to the timber ; or against incumbrances ; and in all such cases, the complaint must show an eviction, or entry, or a disturbance by lawful authority, or title ; or something equivalent.—Wheaton's Selwyn, 489–90.

Rawle on Titles, 147, 148–9, 199, 238, 266–7 ; 2 Dow. & Ry. 138 ; 3 Gilman, 180 ; 1 Mass. 460 ; 4 Mass. 408.

The covenant in this case was against the *establishment in future*, of a *claim then existing*, not of a claim or any claim that might arise in the future ; and it should, therefore, have been averred, that the claim established by Milner, Jones & Milner, was a claim existing when the contract was made ; or, that it was the claim covenanted against.—Selwyn's (Wheaton's,) 473, 490 ; 2 Saunders, 177 ; 1 Henry Black, 34 ; 1 Chitty's P. 335, 368 ; Rawle on T. 187–8–9 ; 2 ib. N. Y. 105 ; 7 Barr. 185, 205–6 ; 4 Wheaton, 86 ; 7 Greenleaf, 169.

GOLDTHWAITE, RICE & SEMPLE, *contra*.

1. "It is a general rule that ambiguous words in a covenant are to be taken most strongly against the covenantor." 1 Barn. & Cres. 29 ; 8 Ala. 59.

2. There is a settled distinction between a covenant to indemnify against *all persons*, and one against the acts of a *specified or named person*. The former is a covenant to indemnify only against *lawful title*. The latter is a covenant to indemnify against *the unlawful*, as well as lawful disturbance, or claim of the specified, or named person.—5 Maule & S. 375 ; Cro. Eliz. 212 ; 1 Barn. & Cress. 29 ; 9 Ala. 252 ; 4 Cowen, 340, and cases there cited.

The very object of the covenant sued on in this case, was to protect Sharpe against the claim of M. J. & M., which the instrument shows, was a claim known to both parties ; and the entire risk and expense, of which the covenantor took upon himself. The covenantor *insured* against this claim, well known to himself, and relieved Sharpe from the trouble, hardship, or risk, of trying the validity of that claim.

The broad and sweeping language of the covenant here sued on, renders it immaterial *how* the claim of M. J. & M. was established ; the obligation is unqualified, to indemnify, by furnishing an equal amount in value, of timber, if a claim was established by them. And the com-

plaint alleges, and the judgment by default admits, they did establish a claim to the timber on 160 acres of land.

If the mode or manner in which the claim was established could have been made material to be stated in the complaint, it could only have been so by *demurrer to the complaint.* The complaint is clearly good after *verdict and judgment.*—1 Prince, 109; 1 Chitty's P. 332, *et seq.* "If *after verdict* we *can collect* a cause of action, or infer that proof must have been given at the trial that will support the action, and the judgment must be sustained." 4 Bing. 66.

Our Code is stronger than the English law, in favor of sustaining judgments against matters not objected to prior to the rendition of judgment.—New Code, § 2811; 29 Ala. 476.

3. After judgment by default, the defendant had no right to adduce any evidence which tended to contradict or vary the admission of facts involved in that judgment; nor to adduce any evidence, or any matter whatever, except only, upon the mere question of the amount of damages. *Ewing v. Peck,* 17 Ala. 339.

On the application for a re-hearing, an elaborate argument was presented by the counsel for appellants, insisting upon the position that the complaint in this case does not contain "a substantial cause of action"; and combatting that part of the opinion of the court in which it is said, "the system of pleading established by the Code, is more a mere statement of legal conclusions, than of the facts which constitute the cause of action, or the defense thereto"; but as the court determined to adhere to their conclusion as at first delivered, it is not thought necessary to incorporate these arguments into this report, as they are very long, and cannot well be abridged, so as to preserve their force.

BYRD, J.—1. By § 2405 of the Code of 1853, "no judgment can be arrested, annulled, or set aside for any matter not previously objected to, if the complaint contain a substantial cause of action." In this case the counsel for appellant have argued at some length, and with great force,

Randolph v. Sharpe.

the defectiveness of the complaint. But under the provisions of the Code, we have come to the conclusion that the complaint contains a substantial cause of action, and is good after judgment by default, under the above recited section of the Code. It is therefore unnecessary to decide whether a demurrer could have been sustained to the complaint, upon the grounds taken in the brief of counsel.

2. The system of pleading established by the Code is more a mere statement of legal conclusions, than of the facts which constitute the cause of action, or the defense thereto. What is the effect of a judgment by default on a *Code* complaint? Is it to be taken as an admission of all the facts necessary to sustain the cause of action? I think so. The only question which is open on the execution of a writ of inquiry, is the *quantum* of damages.—*Sterrett's Ex'rs, v. Kaster*, 37 Ala. 369.

Matters in mitigation or aggravation thereof, are admissible in evidence. And what matters are in mitigation, and may be considered by the jury, frequently present questions of great nicety. It is said in some cases, that it is not competent to show a state of facts which is inconsistent with the plaintiff's right to recover *at all*, even although it would be in mitigation of damages.

It is averred in the complaint that "Milner, Jones & Milner, established a claim to the timber on one hundred and sixty acres of said land," and it is averred that appellant "covenanted, that in case a claim to any of the timber on said land should be established by Milner, Jones & Milner, appellant would furnish to appellee an equal amount of timber in value, taking into consideration its proximity to a mill on said lands," and that appellant, "although often requested, has not furnished an equal amount of timber in value, taking into consideration its proximity to said mill on said lands." The judgment by default, is conclusive on appellant, as to the establishment of the claim, but the complaint does not show whether it was established before or after the covenant was made; yet after judgment by default, it will be presumed to have been after the covenant was entered into, unless it *might* be shown to have been before in mitigation of damages.

The bill of exceptions does not purport to set out all the evidence, and such as is set out, does not show that the claim was established before the covenant was made.

3. As to the questions made on the evidence offered and excluded, if admissible, (and it was in mitigation of damages,) the court erred in excluding it.

It seems that appellant offered the original deed of Mrs. Hamil, with the endorsements made by the judge of probate. If she executed it in presence of two witnesses, it was not so attested.—Code, § 1282. Nor is the deed valid under the provisions of the act of the 8th February, 1858. Revised Code, 1552. It was, therefore, inoperative, and was not admissible in evidence for the purpose indicated in the bill of exceptions.—Code of 1853, §§ 1280, 1275, 1281. But the transcript of the deed from appellant to appellee was clearly admissible without proof of execution, under the provisions of the Code, Art. III, Ch. 1, Tit. 1, Pt. 2.

It was also admissible to show the extent of the covenant in mitigation of damages. The complaint was that "Milner, Jones & Milner, established a claim to the timber on one hundred and sixty acres of said land," and thereby authorized the appellee to recover for all timber thereon, while the deed covenants against "a claim to some of the timber on a portion of said land." It was clearly competent for the appellant to mitigate the damages by showing that his covenant did not extend to all the timber on a portion of the land, but to some of it, and what portion of it. The deed was therefore admissible as a link in the chain of evidence; but as it was not offered for this purpose, the court did not err in excluding it.—*Thompson v. Drake*, 32 Ala. 99.

The complaint describes two sub-divisions not conveyed in the deed; and it was admissible to lay a predicate to show by proof that a part of the four forty acre subdivisions surveyed and ran around and marked off by the witness, who proved the value of the timber thereon, was not conveyed by the deed from appellant to appellee, and thereby mitigate the damages.—37 Ala. 369. The deed was admissible for the purpose for which it was offered in

the first instance, as shown in the bill of exceptions ; but not in the second, "for proving the purchase-money paid for said timber." The complaint showed that fact as clearly as the deed, and it is not error to exclude evidence, to prove a fact admitted by the pleading of the party against whom it is offered.—*Alabama and Mississippi Railroad Compang v. Sanford & Reid*, 36 Ala. 703. And as the offers to introduce the deed were distinct and separate, the court erred in not admitting it for the purpose for which it was first offered. There is an ambiguity in the last clause of the deed as copied into the record, to which the attention of the parties should be directed. If it is truly copied, it presents a question of some difficulty, which it is not now necessary to decide.

4. The charges given by the court were as favorable to appellant as the law and facts authorized, and we perceive no error in the charges refused by the court.

Under the covenant set out in the complaint, the right of appellee to recover for a breach of it, did not depend on his being deprived of the possession and enjoyment of the timber. He may have sold it all and delivered it to the purchaser ; yet, Milner, Jones & Milner, might have established their claim to it and recovered the value of it from appellee ; if so, appellant would be liable on the covenant. What would have amounted to such an establishment of the claim and breach of the covenant, as would have rendered appellant liable, are questions not arising on this record—they are closed against appellant by the judgment by default.—*Sterrett's Ex'rs, v. Kaster, supra,* 17 Ala. 339.

This disposes of all the charges asked and refused, except the last, which was properly refused upon the evidence set out in the bill of exceptions.

For the error pointed out, the judgment on the verdict on the execution of the writ of inquiry is reversed, and the cause remanded.

BYRD, J.—1. Both parties have severally made an application for a re-hearing. The counsel for appellee insist that the court below did not err in the respect pointed out in the

opinion heretofore delivered. After a careful reconsideration of that matter, we are confirmed in the correctness of the conclusion attained thereon, and adhere thereto.

2. The counsel for appellant insist on two grounds for a re-hearing : 1st. That the complaint does not set forth a substantial cause of action. This point is pressed upon the consideration of the court with great earnestness and ability. But we conceive that under the provisions of the Code, the complaint is sufficient after judgment by default, and when no objection was taken to it in the court below. Section 2811, (2405) of the Code applies to all judgments, and is more comprehensive than any provision of the English statutes of jeofails. And we can see no distinction to be taken between a judgment by default, after verdict on writ of inquiry, and a judgment on verdict on issue joined, in this respect. We feel constrained to adhere, therefore, to the *conclusion* of the former opinion on this question.

2. That the deed of Mrs. Hamil was admissible for the purpose indicated in the bill of exceptions. We might have put the rejection of that instrument as evidence by the court, on the ground that it was not attested and proven in the form required by the Code to entitle a party to use a transcript of it as evidence. But we preferred to put it on the higher ground that the deed was inoperative and void, and being so, it was incompetent, as it showed "a state of facts inconsistent with the plaintiff's right to recover at all."—37 Ala. 369.

For, as is alleged, if the right of Milner, Jones & Milner was alone founded on that deed, they clearly had no right to a recovery against appellee for any timber on the land conveyed by appellant. If the affidavit of appellant, made to procure the vacation of the judgment by default, had set out the fact—if it is one—that the claim of Milner, Jones & Milner to the timber on the land conveyed by appellant to appellee, was founded on the deed of Mrs. Hamil only, and that such claim had never been legally ascertained, it is probable that the court below would have set aside the judgment by default, on terms. But the affidavit is so general, that the court might, without any violation of the rules which ought to govern the exercise of judicial discretion, properly

have refused to do so. This is a matter solely within the discretion of the court below, and not reviseable here. Nor do we intend to make any intimation which will interfere with the exclusive right of the court below in this matter.

Both applications refused.