# Collins v. Jones.

*Appeal from Justice's Court ; Action on Promissory Notes.*

83 365
100 90

1. *Proof of intemperate habits.*—A witness, who is acquainted with defendant's character in the neighborhood, may testify that it was "that of a man of intemperate habits;" but such evidence is not admissible to prove the fact of such intemperate habits, though admissible to prove knowledge thereof.

2. *Admission of evidence for wrong purpose.*—The admission of evidence for a specified purpose for which it is not admissible, is a reversible error, although the evidence was admissible for another purpose.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by Terry Collins against DeKalb Jones, and was commenced in a justice's court, on the 13th December, 1880; the cause of action being two promissory notes executed by the defendant, payable to the plaintiff, one for $50, dated in April, 1880, and the other for $15, dated the 23d June, 1880, each payable on the 1st October, 1880. On appeal to the Circuit Court, the defendant filed six special pleas, and the cause was tried on issue joined on the 1st and 6th, which were as follows: 1st, that defendant, at the time of signing the notes, "was, from excessive intoxication, deprived of the use of reason and understanding, so that he was incapable of giving his serious and deliberate consent to the act of executing said notes;" 6th, that said notes "were given in consideration of spirituous, vinous or malt liquors, sold to the defendant when he was of known intemperate habits, which fact was known to the plaintiff, or was of such public notoriety that plaintiff ought to have known it."

The court gave the following charges, on the written request of the defendant: (1.) "To constitute a man of known intemperate habits, it is not necessary that he should be drunk continually, or generally—it is sufficient if it is proved that he lives in the country, away from where liquors are sold, and generally drinks to excess when he comes to town,

[Collins v. Jones.]

or to where liquor is sold." (2.) "If the jury believe from the evidence that any part of the consideration of the notes was spirituous, vinous, or malt liquors, sold to the defendant at a time when he was of known intemperate habits, which habits were known to plaintiff (and the jury may look to the public notoriety of his intemperate habits, if proved to their satisfaction, to ascertain whether plaintiff knew the same), and that such liquors were sold without the requisition of a physician for medicinal purposes, then plaintiff can not recover." The plaintiff excepted to each of these charges, and he here assigns them as error, together with the admission of certain evidence to which he objected, and which is stated in the opinion of the court.

A. & R. B. BARNES, for the appellant.

GEO. P. HARRISON, Jr., *contra*.

STONE, C. J.—A witness for the defendant was asked, if he was "acquainted with the general character of the defendant [Jones] for intemperance, in the neighborhood in which he lived." In his answer to this and another question he stated, that he did know his general character, and that it was that of "a man of intemperate habits." The bill of exceptions states, that the court "allowed the answers of said witness to go to the jury, as evidence to prove the intemperate habits of the defendant." There were objections and exceptions to each of said questions and answers, for the purpose for which they were offered.

The testimony would have been clearly legal, if offered generally. It was competent and legal on one inquiry involved in the issue—Collins' knowledge of Jones' intemperate habits.—*Price v. Mazange*, 31 Ala. 701; *Tatum v. State*, 63 Ala. 147. It was not competent, however, to prove the fact of such intemperate habits.

Offered and received as the testimony was, for the express purpose of proving a fact, for the proof of which it was not competent, the Circuit Court erred in receiving it.—*Thompson v. Drake*, 32 Ala. 99; *Johnson v. Marshall*, 34 Ala. 521; *Hicks v. Lawson*, 39 Ala. 90.

There is no other error in the record.—*Jones v. Collins*, 80 Ala. 108.

Reversed and remanded.