# Smith v. The State.

*Indictment for Murder.*

1. *Organization of jury in capital case; when motion to quash venire should be sustained.*—When a special venire is ordered in a criminal case, including the regular jurors drawn and summoned for the week of the trial, and the list served on the defendant includes the names of some who were drawn but were not summoned as jurors for the week of the trial, the venire should be quashed upon motion made before entering upon the trial.

2. *Dying declarations; admissibility of portions thereof.*—The statement in a dying declaration that the defendant "was trying to shoot me [the deceased] at the same time" is the statement of a collective fact, the weight and credibility of which is for the determination of the jury; and such statement is not subject to the objection that it was merely a statement of an opinion or conclusion of the deceased.

3. *Conspiracy; admissibility in evidence of acts and declarations of co-conspirators.*—In a criminal case, the acts and declarations of any person other than the defendant, in the absence of the defendant, are admissible in evidence against the de-

[Smith v. The State.]

fendant, only when there has been introduced evidence, direct or circumstantial, ·which is *prima facie* sufficient to establish the existence of a conspiracy between the defendant and such other person to commit the offense charged, and there is evidence tending to show that such acts and declarations are in furtherance of the common design to commit such offense.

4. *Argumentative charges* are properly refused.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. O. KYLE.

The appellant, Robert Smith, was jointly indicted with Frank Orr and Pink Batts, for the murder of Robert Taylor. The appellant in the present case was tried separately and was convicted of murder in the second degree and sentenced to the penitentiary for life.

The defendant was arraigned the first week of the October term, 1901, in the circuit court of Limestone county, and after interposing his plea of not guilty, the court drew from the jury box of the county the names of thirty persons to serve as special jurors, and set October 9, 1901, a day of the second week of the court, as the day for' the trial of the cause. The court then ordered that said special jury so drawn and ordered summoned, "together with the petit jurors drawn and summoned for the second week of this term of the court, shall constitute the venire from which the jury to try this cause shall be drawn." It was further ordered that a copy of the special jury, "together with a copy of the petit jury summoned for the second week of the term of the court," and also the copy of the indictment be served upon the defendant at least one entire day before the day set for the trial. Before entering upon the trial the defendant moved the court to quash the venire in this case upon the following ground: Said list of jurors served upon the defendant as the venire to try his cause contained the names of W. N. Knowlster and R. A. Stewart, whose names were drawn to serve as jurors for the second week of the term of the court, but it appears from the return of the sheriff that such jurors were never summoned. It was admitted that

the facts stated in this motion were true. The court overruled the motion, and the defendant duly excepted.

The State introduced as a witness one William Bass, who testified that before the finding of the indictment, Robert Taylor was shot and killed in Limestone county; that the killing took place at an entertainment given on the plantation rented to said Robert Taylor; that while the entertainment was going on, a pistol shot was heard and Robert Taylor came out from his house and asked who fired the pistol; that after this inquiry was made several times, one Frank Orr stated that he shot the pistol and would shoot Taylor; that Orr then pulled his pistol and Taylor caught hold of it, and while they were engaged in the scuffle over the pistol Frank Orr called out to Pink Batts to come and shoot Taylor; that Pink Batts then ran up with a pistol in his hand, and that while the scuffle was going on Pink Batts shot Robert Taylor. This witness further testified that when Orr had called to Batts to come and shoot Taylor the defendant, Smith, started to the place of the difficulty with a pistol in his hand, and said "Let me get at him;" that this statement was made in a tone of voice loud enough to be heard by Pink Batts; that the witness got before the defendant and prevented him from going to the place of the difficulty. The defendant separately objected to each portion of the testimony of the witness Bass relating to the statements made by Taylor and Orr upon the ground that the defendant was not shown to have been present, and no conspiracy was shown to have existed between the defendant and Orr and Batts. The court overruled each of these objections, and the defendant separately excepted to each of such rulings.

The evidence for the defendant tended to show that at the time of the difficulty when Batts shot Taylor, he, the defendant, did not have a pistol, and was not engaged in the difficulty. It was shown that Batts had, on the day of the present defendant's trial, been convicted.

The State introduced in evidence the dying declaration made by the deceased, which was in words and figures as follows: "I went out last Saturday night to

stop a fuss going on on the Peet place, I have rented; told Frank Orr he must not have any fuss there and must stop it. I told him (Frank Orr) he must not have any shooting and Frank said 'I will shoot you, God damn you,' then he snatched out his pistol and I grabbed it to keep him from shooting me. Then he called Pink Batts, *alias* Pink Coleman. He (Pink) ran around trying to get a chance to shoot me. I tried to keep Frank between me and Pink to keep Pink from shooting me. Rob Hadley, *alias* Rob Smith, was trying to shoot me at the same time. Pink Batts, *alias* Pink Coleman, ran around tree and shot me." The defendant objected to, and moved to exclude that portion of the statement in which the declaration stated that "Rob Hadley, *alias* Rob Smith, was trying to shoot me at same time," upon the ground that it was merely an opinion or conclusion of the witness, and not the statement of a fact. The court overruled the objection, and the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (12.) "I charge you, gentlemen of the jury, that because Pink Batts has been convicted is not in itself sufficient reason for the conviction of this defendant." (13.) "The conviction of Pink Batts would not in itself justify a conviction of Robert Smith." (14.) "The conviction of Pink Batts would not justify the conviction of Robert Smith unless you believe beyond all reasonable doubt from the evidence in this case that Robert Smith was guilty.'

W. C. THACH, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The special *venire* served on defendant contained the names of W. M. Knowlster and R. A. Stewart. These two persons were drawn as petit jurors for the second week of the court, but not summoned. The order of the court was in conformity with the statute.—Code, § 5005. It required that the defend-

ant be served with the names only of the petit jurors drawn and summoned for the second week of the court. It was not complied with. The motion to quash the *venire,* having been made before the trial was entered upon, should have been granted.—*Ryan v. The State,* 100 Ala. 108; *Thomas v. The State,* 94 Ala. 74.

The objection taken to that portion of the dying declaration of deceased, which were reduced to writing, that "Bob Hadley *alias* Bob Smith was trying to shoot me at the same time," because it was merely a statement of the opinion or conclusion of the deceased and of his belief and not of a fact, is without merit. It was a statement of a collective fact, the weight and credibility of which was for the jury.—1 Mayfield's Dig., p. 336, § 27.

Since this case must be retried we will refrain from intimating an opinion upon the question whether the evidence was *prima facie* sufficient to establish the existence of a conspiracy between this defendant and the two others jointly indicted with him. The declarations or conduct of these two, not made or done in the presence of this defendant were not competent against defendant unless a conspiracy was shown to have existed between them; and if shown, then only such declarations made or conduct done by them or either of them in furtherance of the common design is competent. The principle upon which such declarations or conduct are admitted is, that the conspirators, by the act of conspiracy "have jointly assumed to themselves the attributes of individuality so far as regards the prosecution of the common design; thus rendering whatever is said or done by any one in furtherance of that design, a part of the *res gestae* and, therefore, the act of all." However, before such evidence can be admitted, it is necessary, that a foundation should be laid by proof addressed to the court, *prima facie* sufficient to establish the existence of such a conspiracy. Such evidence will generally, from the nature of the case, be circumstantial. And when received under the rule, it does not necessarily establish the conspiracy and common guilt of all, but its sufficiency and weight must be

ultimately determined by the jury.—*McAnally v. The State*, 74 Ala. 9; *Hunter v. The State*, 112 Ala. 77.

We will not review in detail the rulings upon the admission of evidence, since what we have said will doubtless serve as a sufficient guide upon another trial.

The several written charges numbered 12, 13 and 14 were properly refused as being argumentative.

Reversed and remanded.