JOHN K. NUTT ET AL. v. STATE OF MISSISSIPPI ET AL.

[51 South. 401.]

1. EXECUTORS AND ADMINISTRATORS. *Presumption. Performance of official duty.*

Where an administrator with the will annexed was removed, and a testamentary trustee appointed by the court, it will be presumed, in the absence of any showing to the contrary, that the administrator had completed the administration and paid over the trust funds to the court for the purpose of having it appoint a testamentary trustee to effectuate the trust.

2. SAME. *Trusts. Removal of trustee. Jurisdiction. Venue. Code* 1906, §§ 554, 561.

The chancery court of the county in which a will was probated, a testamentary trustee appointed, his bond given and an accounting by him ordered, has jurisdiction of a suit on the trustee's bond and to remove him from the trust, without reference to his place of residence:—

(*a*) Under Code 1906, § 554, giving such court the right to hear and determine all questions relating to the execution of the trust and to determine the liability of the obligors on any bond executed in any proceeding relating to the estate and to enforce such liability; and

(*b*) Under Code 1906, § 561, requiring suits against administrators, executors and guardians, relating to the performance of their official duties and for an accounting to be brought in the chancery court in which the will was probated or letters granted.

3. TRUSTS. *Removal of trustee. Notice. Code* 1906, § 2123.

Where a testamentary trustee, having been twice summoned to account, ignored the summons and failed to account, and two years thereafter was removed, the decree removing him is not assailable for want of notice, since his removal was authorized, without other notice, under Code 1906, § 2123, providing that the court at every term shall have a list made of all executors and administrators who have failed to settle their accounts within the preceding year, and authorizing the issuance of a summons for any defaulter, returnable forthwith, or at a subsequent term,

and empowering the court to proceed against him for contempt or to remove him from office, unless cause be shown for the failure to account, and that such failure was not negligent.

4. SAME. *Same. Discretion of court.*

The chancery court has general superintendence of fiduciary relations, and its removal, of its own motion, of a trustee appointed by it, for misconduct, must be palpably unjust before the supreme court will interfere with its action. ·

FROM the chancery court of Adams county.

HON. J. S. HICKS, Chancellor.

The state of Mississippi and one Dagg, trustee of the estate of Mary Ella Nutt, appellees, were complainants in the court below; John K. Nutt and the United States Fidelity & Guaranty Company, appellants, were defendants there. The suit was upon a bond payable to the state. From a decree in favor of complainants the defendants appealed to the supreme court.. The opinion of the court states the facts.

*Percy, Moody & Percy,* for appellant, Nutt.

The decree of the court below is erroneous and should be reversed, first, because the chancery court of Adams county, in which the suit was instituted, was without jurisdiction to entertain the same; and secondly, because it does not appear that the suit is maintainable by the state of Mississippi for the use and benefit of J. L. Dagg, trustee; and thirdly, because it does not appear that the right of John K. Nutt to hold the trust fund in. controversy has been divested.

Opposing counsel contend that the word "administrator" used in Code 1906, §§ 2038, 2035, 2123, is broad enough, in meaning, to include John K. Nutt as trustee, and that the court below had the right to remove him with or without notice. It is a sufficient answer to this argument to say that John K. Nutt was not an administrator at all. He was simply acting as trustee of a fund created by the will of Mary Ella Nutt, deceased. He was not the kind of administrator referred to in those code-sections..

They· refer to administrators proper, county administrators and temporary administrators, and it was never intended by the legislature to include persons acting in the capacity of a testamentary trustee. This is made more evident when we glance at Code 1906, § 2138, wherein it is provided that "the word, administrator, in this chapter shall embrace a temporary administrator whenever the contrary is not clearly inferrable from the context."

John K. Kutt holds this money under the last will and testament of Mary Ella Nutt, deceased, and by virtue of a decree of the chancery court of Adams county. It is unnecessary to determine whether the court ordered this money paid to Nutt as trustee by virtue of the power granted it under Code 1906, § 2135, which provides that, "if any person entitled under a decree of the chancery court to a distributive share of an estate, or any other funds under the control of the court, shall not, within six months after the decree of the court adjudicating his right thereto, apply for it, a custodian of such share or interest may be appointed by the court, "or whether the court acted by virtue of its inherent power to appoint a trustee for a fund in a case therein pending." It is sufficient that he receive the money under a decree of the court, and his right to the same continues until it is made to appear that his right thereto as trustee has been divested and vested in the person who claims the same. The burden is on Dagg, the beneficiary in the suit, to show that Nutt is not entitled to the money, and that he.is entitled to the same.

Being entitled to hold the money as trustee, how can the right of Nutt thereto be divested and vested in another? In other words, how can he, as trustee, be removed and another appointed in his stead? Our answer to this inquiry is, that, in the absence of a statute on the subject, and there is not such statute on the subject in this state, the proceedings must be by formal bill in equity.

Some courts hold that a trustee may be appointed upon a mere

petition as well as by more formal bill, but no court holds, in the absence of a statute on the subject, that such a trustee can on petition of one of the beneficiaries, and without notice, be by the court removed, and another trustee appointed.

That the trustee can only be removed and another appointed in his stead by a formal bill in equity is supported by both reason and authority. It is but fair to him as well as to all the beneficiaries that he and they should have the right to be heard. He should have the right to be heard in answer to the charges made against him for his removal; and the other beneficiaries should have the right to be heard on that question as well as on the question as to who shall be appointed his successor. In the instant case Nutt was removed merely upon the filing of the petition of Miss Julia W. Nutt, only one of the beneficiaries. The other beneficiaries were not made parties to this proceeding, and so far as the record discloses had no notice thereof; and neither was Nutt informed of the filing of the petition, and had no notice whatever, legal or otherwise.

A formal bill in equity or an equitable action under the code, may be maintained for the sole purpose of removing a trustee, and in the absence of statute, it has been held by numerous decisions that the proceedings must be by bill, and not by petition. *Zehnbar v. Spillman,* 25 Fla. 591; *Matter of Cain Waich,* 1 Barb. Ch. (N. Y.) 565; *Guion v. Melvin,* 69 N. C. 242; *Ex parte Knust,* Bailey Eq. (S. C.) 489; *In re Livingston,* 34 N. Y. 568.

An application for the removal or change of a trustee and the appointment of a new one should, in the absence of statute authorizing a simple application by petition, be by bill, but where there is no trustee and one is to be appointed by the court to fill the vacancy, the proceeding by petition is regular and is the usual course. *Milbank v. Crane,* 25 How. Pr. (N. Y.) 193.

Whether the proceeding is by bill or by petition so far as the instant case is concerned, it is necessary in either event that the defendant should be notified of the application. Where the

proceeding is by formal bill or by an ordinary petition in equity, the defendant should be served with a subpœna, and not with a mere notice.    22 Ency. Law & Pr. 43, and cases cited.

Surely in this case Nutt was entitled to notice of the application to remove him as trustee, and not only was Nutt entitled to notice but the other beneficiaries were, and inasmuch as neither Nutt nor the other beneficiaries ever had notice of the filing of this petition it would be void for that reason if for no other.    As to whether Nutt has or has not violated the condition of his bond is immaterial, for J. L. Dagg, as trustee, is not entitled to reap the benefits thereof.

It surely cannot be successfully contended that, if the bond was breached, the state of Mississippi has the right to sue thereon, and pay the money over either to Dagg, as trustee, who is not entitled to it, or into the state treasury until after it shall be determined to whom it is to be paid.

It would not be seriously contended that the state of Mississippi could institute this suit for the use and benefit of the king of Siam, and if J. L. Dagg, as trustee, is not entitled to the fund, the state could no more recover for his benefit than it could for the king of Siam, who is not entitled to it.

*Reed & Brandon, G. Q. Hall,* and *Hall & Jacobson,* for appellant, United States Fidelity & Guaranty Company.

The setting down of the cause by appellee for final hearing on bill and answers before the expiration of the time allowed for taking testimony, admitted, under Code 1906, § 603, the truth of the facts upon which the two questions of law arise, namely, (1) whether the venue of the suit was Washington county where Nutt resided, or Adams county where he was appointed trustee; or (2) whether Nutt was removed by a valid order, when made on the petition of one beneficiary without the joinder of others and without notice to Nutt of the filing of such a petition.    The determination of these questions is respectfully submitted to the court.

*Ernest E. Brown,* for appellee.

The appellant, Nutt, made no denial of the allegations of the bill that he had breached his bond by failing to pay over annually to Miss Julia Nutt and Mrs. Ward the interest of the funds in his hands and by failing to file an account after having been twice summoned to file his account. The United States Fidelity and Guaranty Company merely set up the insufficient defense that it had no notice as to whether or not Nutt had breached his bond, and it demanded strict proof of these allegations without further stating that it had no information or belief as to whether its principal had breached the bond. It is well settled in this state that facts within the personal knowledge of the defendant must be explicitly admitted or denied, and if not within his knowledge, he must deny all information and belief, also that if a defendant denies personal knowledge and demands strict proof, he in effect admits the allegations of the bill of complaint. *Mead v. Day,* 54 Miss. 58; *Hopper v. Overstreet,* 79 Miss. 241, and the other cases cited under Code 1906, § 584.

The authorities cited by counsel for appellant have no bearing upon the case now before the court, as they relate to trustees different from an administrator, executor, receiver or other person appointed by the court to administer an estate in accordance with a will or laws of the land. Our statute law covers the whole subject matter. See Code 1906, § 554.

If Brandon as administrator of the estate had failed to account to the court after having been summoned so to do, surely the court, under Code 1906, § 2123, in addition to punishing him for contempt could have removed him from office. Nutt succeeded Brandon in the administration of the estate, and it would certainly be in the face of common sense as well as of Code 1906, § 554, to hold that, although Nutt had held the trust for over two years and had twice been summoned to file an account, and twice failed, the court was without power to re-

move him under the above code section, simply and solely because Nutt was designated as trustee in his appointment instead of administrator c. t. a. as was Brandon. It is evident that Code 1906, § 554, places all persons appointed to administer an estate upon the same footing regardless of whether they are to be styled executor, administrator, receiver, trustee or by any other name; and that all are equally liable to removal when they violate their trust by failing to account after having been summoned to file an account.

The petition of Miss Julia Nutt simply calls the attention of the court to the fact that over two years had elapsed without John K. Nutt having ever filed an account and that notwithstanding he had twice been summoned under orders of the court to file an account. In her petition she also set forth that Nutt had not paid her or her sister, Mrs. Ward, the annual interest; and asked for his removal, and informed the court that J. L. Dagg would accept the trust and was a suitable person. Code 1906, § 2123, was intended to, and does give to chancellors the power to summarily remove all persons in charge of estates who are so sadly neglecting the duties of their trusts as to fail to file an account after having been summoned to file one. If the court had been asked by any person interested in the estate to remove Nutt on any other ground than failure to account after having been so ordered by the court, it would have been necessary for the party applying to give Nutt five days' notice of the application as provided for in Code 1906, § 2035. In this case however, Nutt had twice been ordered by the court to file an account and had failed each time to do so although more than two years had elapsed since his appointment; and the court on its own motion and without its attention being called to Nutt's failure by Miss Julia Nutt's petition, could have removed Nutt under the express provision of Code 1906, § 2123.

It is true Nutt did not live in Adams county, but his co-defendant was a foreign corporation doing business in Adams

county and personal service was had on its agent in Adams county. By virtue of Code 1906, §§ 919, 920, the United States Fidelity & Guaranty Company was liable to be sued; Code 1906, § 561, reciting that "in all cases not otherwise provided for may be brought in the chancery court of any county where the defendant or any necessary party defendant, may reside or be found."

MAYES, J., delivered the opinion of the court.

The record in this cause, which is not as full as it might be, shows that on the 30th day of June, 1906, the appellant was appointed as testamentary trustee of the estate of Mary Ella Nutt, deceased, in place of Brandon, who prior to that time was administrator c. t. a. and conducting the administration of this estate in the chancery court of Adams county. It does not appear why Brandon was relieved; but the presumption is that he had completed the administration and paid over the funds to the court for the purpose of having the court appoint a testamentary trustee to effectuate the trust created by the will. The appointment was made by the chancery court of Adams county, in which county, it seems, the will was probated. At the time of appointment the appellant was required to execute a bond in the sum of $7,500 for the faithful performance of his duty as trustee, which he did with the United States Fidelity & Guaranty Company as surety. In due course the bond was properly approved, and the appellant qualified as trustee, and entered upon his duty as such, whereupon there was placed in his custody and care the sum of over $6,000, which was to be held by him under the terms of the will for the use and benefit of the beneficiaries named in same. It would seem that the will directed that the money be kept invested at interest by the trustee, and only the interest be paid to the beneficiaries annually. The decree appointing appellant trustee directed him to pay over the interest to the beneficiaries of the trust in accord-

ance with the requirements of the will under which the appellant was acting as testamentary trustee, and the decree also required appellant to account to the court as trustee. It thus appears from the record that the administration of this trust was confined to Adams county, where this suit was brought, both because the original will was probated there, and because the decree appointing appellant as trustee required that he should account there, and because the property turned over to him was in that county, and under the control and care of the chancery court of that county. The bond executed by appellant for the faithful performance of his duty as trustee had the following condition in it; that is: "The condition of this obligation is such that, if said John K. Nutt shall faithfully discharge his duties as trustee under the last will and testament of Mary Ella Nutt, deceased, and shall account for the money paid to him as trustee under said will, in accordance with the terms of the decree of the chancery court of Adams county, Mississippi, then this obligation shall be void; otherwise, it shall be and remain in full force and effect." It appears that the appellant, after taking charge of the above funds, has failed since his appointment either to file any account with the court or pay the interest to the beneficiaries, though more than two years have passed since the appointment, and the court twice summoned him to appear and account. In short, appellant has wholly failed to respond either to the court's command or the duty imposed by the trust. In this condition of affairs, and on the 14th day of November, 1908, and without any further notice to appellant, the chancery court of Adams county removed appellant as trustee and appointed J. L. Dagg in his place, and directed the last-named trustee to proceed at once to collect the funds of the estate from appellant and his sureties, whereupon this suit is instituted against both the appellant and his sureties. Both parties appeared to the suit and answered, whereupon complainant set the cause for hearing on bill and answer. The trial resulted in a judgment against the ap-

pellant and his surety, comprising principal and interest, and being for the sum of $6,878.15; and from this judgment an appeal is prosecuted.

On the merits of the controversy there seems to be no complaint; but it is insisted that the cause should be reversed because the court had no power to remove the appellant as trustee, since no notice was ever served on him that any motion had been made for this purpose. The answer of both rely solely on the above contention. The mere statement of this case leads to the irresistible conclusion that the decree of the chancellor must be affirmed. This case is without any defense, either of merit or technics. But appellant claims that he is a resident of Washington county, and therefore the suit should have been brought there. All question of the jurisdiction of the chancery court of Adams county to try this cause is set at rest by an inspection of section 554 of the Code of 1906, which provides that "the court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor, administrator, guardian, etc.,   *   *   *   and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate or other proceeding, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability." There is in this case every essential required by this section as a condition conferring jurisdiction on the chancery court of Adams county. It seems that the will was probated in Adams county, the testamentary trustee was appointed there, the bond given and filed there, the trust assumed there, and the decree of the court required that the accounting be made there. Nothing else could be necessary under our statutes to confer jurisdiction on that court, regardless of where the trustee might have his domicile.

But section 554 is not the only section that confers jurisdiction on that court. It is also conferred by section 561 of the Code of 1906. By this last section it is again provided that "suits against executors, administrators, and guardians, touching the performance of their official duties, and suits for an account and settlement by them," etc., "shall be brought in the chancery court in which the will was admitted to probate, or letters of administration were granted," etc. It is quite true that the record does not show that appellant was notified that there was a motion before the court to have him removed as trustee, and it is argued from this that the action of the court in so doing was therefore void. On the facts of this record there is nothing in this contention. The record does show that appellant was twice summoned by the court and required to file an account; that he failed so to do, and utterly ignored the summons, allowing more than two years to pass without filing the account before he was summarily removed and suit instituted against him; and that he has not yet accounted for the funds. Under the facts appellant had all the notice required, and the court not only had the power to remove him, but it became the duty of the court under section 2123 of the Code of 1906 to do so. Section 2123 provides that "it shall be the duty of the court at every term to cause a list to be made of all executors and administrators who have failed to settle their accounts within the year preceding; and if there be any such, the court may order a summons to issue for the defaulter, returnable forthwith, or at a subsequent term, and, on the return thereof, may proceed against him for contempt, and may also remove him from office, unless sufficient cause be shown for such failure, and that the same was not the result of negligence." When this summons to file an account was persistently disregarded, it was cause sufficient under this section to warrant the court in removing appellant. If he had any excuse which would cause the court to vacate the order of removal, he has not yet made it apparent; but he has furnished conclusive proof that the court's action was wise and timely.

The chancery court has a general superintendence of all fiduciary relations, and when that court removes, of its own motion, one of its trustees for misconduct endangering the safety of the trust property, it will have to be a very plain case of palpable injustice before this court will in any way interfere with the action of the chancery court. The removal of this trustee was not under section 2035 of the Code of 1906; that is to say, it was not at the instance solely of any interested person, charging improper conduct and asking for the removal. If it had been, then five days' notice would have been necessary, as required by above section. The removal was under section 2123 of the Code, and by the court itself, and because of willful neglect on the part of the trustee to obey the court's own orders.

This case is destitute of merit, and the decree is affirmed.