## Tittle *v.* The State.

### *Murder.*

(Decided June 30, 1914. 66 South. 10.)

*Homicide; Evidence; Dying Declarations.*—Where, after making a dying declaration tending to show murder, deceased admitted to be true certain statements made by defendant in his presence which exonerated defendant, such statements are competent as a part of the dying declaration showing what occurred and describing the situation between the parties at the time of the fatal difficulty, and it was error to restrict its scope to contradiction of the previous declaration.

(de Graffenried, J., dissents.)

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Frank Tittle was convicted of murder and he appeals. Reversed and remanded.

E. B. & K. V. FITE, and A. H. CARMICHAEL, for appellant. In restricting the statements of the defendant made in the presence of deceased, and admitted by deceased to be true, to a contradiction only of the previous declaration of deceased, the court was guilty of prejudicial error.—*Maloy v. State,* 8 Ala. App. 73; *Hussey v. State,* 87 Ala. 121; *Ex parte Key,* 5 Ala. App. 274, and cases there cited. Counsel discuss other matters, but in view of the opinion it is not deemed necessary to here set them out.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The court was not in error in its instructions as to the scope and effect of the admitted statements of defendant made in the presence of deceased.—*Shell v. State,* 88 Ala. 14; 1 Bish. Crim. Proc. 1209; 20 Ohio St. 460.

SAYRE, J.—Defendant was convicted of murder, and appeals.

The state offered evidence of a dying declaration made by deceased which tended to show a case of murder. Defendant testified to a case of self-defense, and adduced evidence of frequent statements by deceased previous to the fatal encounter to the effect that he had killed five men and was going to kill the sixth; such statements having been made under circumstances affording an inference that deceased on these occasions had in mind defendant as the sixth victim of his wrath. Witnesses for defendant also testified that, subsequent to the dying declaration offered in evidence by the state and shortly before the death of deceased, defendant approached the bedside of the wounded man and said: "Uncle Here, I hated to do this, but you know I had to do it. You told me you had killed five men and would kill six. Didn't you tell me that, Uncle Here?" To which deceased replied, "Yes."

Referring to this testimony and other of similar import, the court, in its oral charge to the jury said: "Evidence that deceased made a different statement at the house of how the difficulty happened, if he made a different statement to what the state offered as a dying declaration, is admissible as evidence, not as a dying declaration, but for the purpose of contradicting the dying declarations offered by the state. You will take the evi-

dence, not as to how the difficulty happened, but to contradict the evidence offered by the state as to how it happened, and consider it in connection with the evidence of the dying declarations in determining what weight you will attach to the testimony offered by the state as to how the difficulty happened."

In this statement there was error prejudicial to defendant. The statement made by deceased, or his acquiescence in the statement made by defendant, was after the dying declaration introduced by the state. Declarant was evidently in a desperate state, as he must have realized from the nature and number of his wounds and the profound prostration they had already produced. There was nothing to show that, in the interval which had elapsed since the declarations admitted at the instance of the state, he had expressed or conceived any hope of recovery or that there was in fact any chance of a favorable issue in his case. It cannot be safely said that this declaration was not in some admissible sort a rendition of what occurred and a description of the situation between the parties at the time of the fatal difficulty; nor have we found in the record any reason why it had not as much sanction in the condition of deceased as the previously made declarations shown in evidence on behalf of the state. It was, in short, a dying declaration, had immediate relation to the res gestæ of the difficulty, and tended to acquit defendant of fault; at least the jury may have assigned such meaning to it, and its interpretation and weight were for the jury. It was hence admissible and should have been considered by the jury, not only as tending to impeach previous declarations made by deceased, but as original substantive evidence of what occurred at the time of the difficulty.—*Moore v. State,* 12 Ala. 764, 46 Am. Dec. 276. In *Shell v. State,* 88 Ala. 14, 7 South.

40, the statement considered there and held to be admissible for the purpose only of impeaching a dying declaration shown on behalf of the prosecution was not offered as being itself a dying declaration admissible as original substantive evidence of the facts stated, but only as a contradictory statement admissible for the impeachment of the declaration offered by the state. The court held it was properly admitted for the limited purpose for which it was offered, notwithstanding no predicate could be laid nor any cross-examination had. Here, on the contrary, the declaration about which the court spoke was entitled to consideration as a dying declaration and carried possible inferences of considerable favor to defendant. The court erroneously limited and circumscribed the office and evidential purpose and effect of the declaration, and for this the judgment of conviction must be reversed.

The language of the court, in speaking of the meaning and proper office of the evidence of the character of deceased as a turbulent and dangerous man, finds authority in our cases and cannot be held for error.—*Cleveland v. State,* 86 Ala. 1, 5 South. 426, and cases cited.

The question made about the venire will probably not arise upon a second trial and need not be considered at this time.

For the error indicated, a new trial will be ordered.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur. DE GRAFFENRIED, J., dissents. MAYFIELD and GARDNER, JJ., not sitting.