26 So.2d 603

**COTNEY v. STATE.**

7 Div. 829.

Supreme Court of Alabama.

April 12, 1945.

Rehearing Granted July 26, 1945.

Further Rehearing Granted Oct. 25, 1945.

Further Rehearing Denied Dec. 6, 1945.

J. Sanford Mullins, of Alexander City, John J. Pruet, of Ashland, and Handy Ellis, of Columbiana, for petitioner.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., opposed.

FOSTER, Justice.

The deceased had been shot and had fallen. There is no question but that defendant did it. The question was whether it was accidental. Deceased's wife testified that the defendant started to shoot him again, and was standing over him. Deceased looked up at him and said "don't shoot me again, Amos (that is the defendant), you have already killed me." That was on Friday night near midnight. He died the next ensuing Wednesday. During the interval, defendant offered to prove "that the deceased asked Dr. Cole if they put Amos Cotney in jail and he told him, he didn't know. The deceased said 'well I hope they don't, he is one of the best friends I ever had and I am sure this was an accident.'" The trial court held that it was not admissible because at the time the statement was made deceased was not impressed with a belief that death was impending, and that he entertained no hope of life. The opinion of the Court of Appeals is based on the theory that no other question was raised in the trial court as to the admissibility of the evidence, and that the court was not in error in holding that sufficient preliminary proof was not offered to permit the introduction of it as a dying declaration.

The petition for certiorari to this Court challenges that holding of the Court of Appeals as the only ground for reversing that court. In denying the writ, we thought and still think that the Court of Appeals cannot be reversed for that holding. It is an inference of fact drawn from the evidence. We will not review that finding by the Court of Appeals when such inference is a reasonable one. Rainey v. State, 245 Ala. 458, 17 So.2d 687(4); 7 Ala.Dig., Criminal Law, ☞1179.

■ We still think that the finding is reasonable, but we granted a rehearing and ordered the writ for a reason not relied on in the briefs nor mentioned in the opinion of the Court of Appeals. It is that there is a well established rule that a dying declaration may be impeached by evidence of another statement by the deceased at another time, though he was not then impressed that his death was inevitable. We set it down for argument on that question. Shell v. State, 88 Ala. 14, 7 So. 40; Gregory v. State, 140 Ala. 16, 37 So. 259; Title v. State, 188 Ala. 46, 66 So. 10, 52 L.R.A.,N.S., 910; Spicer v. State, 188 Ala. 9, 31, 65 So. 972; Carter v. State, 191 Ala. 3, 67 So. 981; Carver v. United States, 164 U.S. 694, 17 S.Ct. 228, 41 L.Ed. 602; Marshall v. State, 219 Ala. 83(7), 121 So. 72, 63 A.L.R. 560.

We thought there was reasonable ground to contend that the first statement of deceased referred to above, though a part of the res gestae was also itself a dying declaration. See, Marshall v. State, supra; Norris v. State, 16 Ala.App. 126, 75 So. 718, certiorari denied Ex Parte Norris, 200 Ala. 699, 76 So. 997; Moomaw v. State, 24 Ala.App. 459, 137 So. 40, certiorari denied 223 Ala. 438, 137 So. 42; Parker v. State, 10 Ala.App. 53, 65 So. 90; Parker v. State, 165 Ala. 1, 51 So. 260; 40 C.J.S., Homicide, § 305, p. 1285; 30 C.J. 280.

And upon the question of whether the second statement was a conclusion, we had in mind the principle declared in Smith v. State, 133 Ala. 73, 31 So. 942; Mealer v. State, 242 Ala 682(5), 8 So.2d 178; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412(5); Sullivan v. State, 102 Ala. 135, 15 So. 264, 48 Am.St.Rep. 22.

■ Further, we think that a witness whose testimony is received on any legal theory, whether as a dying declaration, or a part of the res gestae, is subject to impeachment by proving contradictory statements, which are not admissible for any other purpose.

■ The opinion of the Court of Appeals does not show that the evidence was offered for any specific purpose. If evidence is offered for a specific purpose, it is not error to exclude it if not admissible for that purpose, though it may be admissible for some other purpose. Thompson v. Drake, 32 Ala. 99; Randolph v. Sharpe, 42 Ala. 265, 272; Johnson v. Marshall, 34 Ala. 522; Collins v. Jones, 83 Ala. 365, 3 So. 591; 64 Corpus Juris 134, § 152; 16 C.J. 852, § 2153; 23 C.J.S., Criminal Law, § 1031. But if evidence is offered generally, and it is excluded, but it is admissible for a certain purpose, it was error to exclude it. Collins v. Jones, supra.

We think the evidence was admissible as impeaching a prior statement attributed to deceased, and in evidence. We think that it was error therefore to exclude it whether or not it was admissible as a dying declaration.

The judgment of the Court of Appeals is therefore reversed and the cause remanded to it.

THOMAS, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur.

GARDNER, C. J., and BROWN, J., dissent.

On Rehearing.

BROWN, Justice (dissenting).

I am unable to agree with the holding of the majority that the Court of Appeals erred in sustaining the ruling of the trial court in not receiving in evidence the alleged declaration of the deceased made to Dr. Moore between twelve and one o'clock on Saturday morning at the hospital, "That the deceased asked Dr. Cole if they put Amos Cotney in jail and he told him, he didn't know. Then deceased said, 'Well, I hope they don't, he is one of the best friends I ever had and I am sure this was an accident.'"

It clearly appears that the offer of this declaration was preceded by an effort on the part of the defendant to lay a predicate that at the time said declaration was made the deceased was laboring under a sense of impending death; and that said declaration was offered as a dying declaration. This presented to the trial court a question of

4

fact as to whether or not the evidence offered by the defendant for the predicate sustained such conclusion. The trial court ruled that it did not, and this conclusion was reaffirmed as a matter of fact by the Court of Appeals. The holding of the majority upsets the well-established and long-settled rule that this court will not review the Court of Appeals on a finding of fact nor the application of·the law to the fact. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

In the absence of the predicate the statement of deceased was hearsay (Spicer v. State, 188 Ala. 9, 65 So. 972), and is not within the influence of the exception to the hearsay rule laid down in Shell v. State, 88 Ala. 14, 7 So. 40; Gregory v. State, 140 Ala. 16, 37 So. 259, and other cases, which permit the introduction of contradictory statements made by the deceased (though not made under a sense of impending death), to impeach a dying declaration previously offered in evidence by the state.

The evidence of Mrs. Adams, the wife of deceased, going to show that immediately after defendant shot deceased and "was standing up over him and Buster (the deceased) looked up at him and said, 'don't shoot me again, Amos, you have already killed me,' " was not offered or received as a dying declaration, but as a "verbal fact," part of the transaction or rencounter in which the deceased was shot by the defendant, directly relating to and in some degree illustrating and explaining the occurrences in question, and was of the res gestae of that rencounter. 20 Amer.Juris. 557, § 664, a text founded on our decisions. All subsequent statements narrative of the past occurrence are hearsay and not admissible. 20 Amer. Juris. 564, § 670. See Alabama cases cited. The subsequent declaration by the deceased was not the statement of the fact, but a mere conclusion of the declarer, the deceased, that he was "sure·this was an accident," a conclusion which it was the province of the jury to determine, in the light of the whole evidence. Colvin v. State, 247 Ala.Sup. 55, 22 So.2d 548; Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640.

Therefore, I respectfully dissent.

GARDNER, C. J., concurs.

GARDNER, Chief Justice (dissenting on rehearing).

I join Mr. Justice BROWN in dissent upon the theory that the opinion of the Court of Appeals is properly to be interpreted as disclosing that that Court, the trial court, and all parties interested in the trial, considered the first statement of the deceased as merely a part of the res gestae, as Mr. Justice BROWN has said, and the subsequent, excluded statement as a dying declaration and not by way of any contradiction of a dying declaration. I am therefore persuaded the principle recognized in Thompson v. Drake, 32 Ala. 99; 64 C.J. p. 134; 16 C.J. p. 852; 23 C.J.S., Criminal Law, § 1031 (cited with majority opinion) is applicable, and that of Collins v. Jones, 83 Ala. 365, 3 So. 591, concerning evidence offered generally, is inapplicable. Being persuaded the opinion of the Court of Appeals sufficiently discloses this excluded statement was offered solely as a dying declaration and nothing more, I do not think this Court justified in disturbing the ruling and opinion of the Court of Appeals.

As to the excluded statement, I am not prepared to differ with the opinion of the majority in 'holding that in such cases it was not objectionable upon the theory it states a conclusion. Smith v. State, 133 Ala. 73, 31 So. 942; Mealer v. State, 242 Ala. 682, 8 So.2d 178; 30 C.J. p. 274; 40 C.J.S., Homicide, § 299.

I therefore rest my dissent upon the foregoing reasoning.

On Second Rehearing.

FOSTER, Justice.

The case of Collins v. Jones, 83 Ala 365, 3 So. 591, on which we relied in reversing this case, did not have the point directly involved, as to whether it was· the duty of one offering evidence, which is admissible for a certain purpose, to announce the purpose for which it is offered. The opinion noted that the evidence was not competent for the purpose for which it was offered, and therefore it was error to overrule objection to it, but that it was admissible for another purpose, and if it had

been offered generally it should have been received though admissible for that purpose only.

 We confess that because Chief Justice Stone was usually very accurate in what he stated in an opinion, we accepted that as a full statement of the rule. But it seems not to be complete, since there are refinements in it which were not mentioned. We have had several cases in this State on the subject. They are collated and analyzed in Lester v. Jacobs, 212 Ala. 614, 103 So. 682, which seems to be our last case on the subject. That case mentions the idea that in offering evidence, it is necessary to state the purpose of it, when so required by the court, or by the nature of the evidence, when it is admissible for one purpose, but not for other purposes. That theory is also emphasized in Kansas City So. Ry. Co. v. Jones, 241 U.S. 181, 36 S.Ct. 513, 60 L.Ed. 943 (53 Am.Jur. 89, 90, section 100, note 13). But in that case it is said that the plain purpose was to mitigate damages, and it was unnecessary to go through the idle form of "articulating the obvious." That thought appears also in 64 Corpus Juris 134, section 152 and notes. Our later cases generally make the statement that it is not reversible error either to admit or reject evidence offered generally when admissible for a certain purpose only, without calling attention of the court to that purpose. Archer v. Sibley, 201 Ala. 495, 78 So. 849; Western Union Tel. Co. v. Favish, 196 Ala. 4, 71 So. 183; Barfield v. Evans, 187 Ala. 579, 65 So. 928; Kern v. Cox, 167 Ala. 639, 51 So. 401; Farley v. Bay Shell R. Co., 125 Ala. 184, 27 So. 770; Davis v. Tarver, 65 Ala. 98.

In an effort to reconcile the authorities on this question, it seems to us that the incidents of the case and what is obvious should have controlling influence. For instance, when evidence is offered which is material only on the question of the amount of the damages or as impeaching evidence and everybody apparently clearly so understands, and nothing appears which may mislead the judge or opposing counsel in that respect, it ought not to be necessary on offering such evidence so to declare. As said, what is perfectly obvious need not be so declared. This occurs often in trials. Such as when character evidence or other evidence of an impeaching nature is offered. Where it is thus obvious, it should be considered as offered for that purpose only, the contrary not appearing. But where, as here, it appears that the sole question submitted and argued to the court related to its admissibility as primary evidence of the matters declared, as in a dying declaration, and therefore not for the purpose of impeaching a former statement of the deceased, which was in evidence, the court should not be put in error for sustaining the objection when his attention was not called to its admissibility as impeaching evidence.

We are now of the opinion that we did not take that theory into consideration in reversing the Court of Appeals, but should have done so and should have treated it as that court did, on the sole inquiry of whether it was itself a dying declaration. So considered, we should not have reversed the Court of Appeals.

The rehearing is granted, and the judgment of the Court of Appeals is affirmed.

All the Justices concur, except LIVINGSTON, J., who dissents.