## CREAGH & FORWOOD v. SAVAGE.

1. An objection to the introduction of certain written instruments in evidence, because the party objecting had no knowledge of them, is in effect an admission, that in all other respects they were competent testimony.
2. A purchase by a sheriff at his own sale, is not void, but voidable merely. It seems that the court, on motion of either of the parties, would set aside such a sale, and that creditors could have relief in equity.

ERROR to the Circuit Court of Clarke.

Trial of right of property, in which the defendant in error was claimant, and the plaintiffs in error plaintiffs, in an execution against one Robert B. Patterson.

Creagh & Forwood v. Savage.

Upon the trial it appeared that the claimant, as coroner, and in virtue of executions in his hands, at a sale of Patterson's property to satisfy such executions, purchased himself the property in dispute, and that the property remained in the possession of Patterson down to the levy of the plaintiff's executions.— That Patterson exercised all acts of ownership over it, hired an overseer for the plantation, used the corn, &c.

The claimant offered in evidence a certain agreement between him and Savage, and a note, by which the latter was to pay him $580 for the rent of the plantation and the fixtures, and the hire of certain slaves. There was no evidence that the plaintiffs had any knowledge of the agreement or note, and they objected to the same being read to the jury; which objection was overruled. There was evidence that the plaintiffs were creditors of Patterson at the time of the sale and purchase by the claimant.

The Court charged the jury, that if the sheriff or coroner purchase at his own sale, the purchase may be set aside by the creditor in a reasonable time, that such purchase was not absolutely void, but voidable merely; to which the plaintiff excepted. These matters are now assigned as error.

Hopkins, for the plaintiff in error, made the following points :

1, The agreement and note offered in evidence were incompetent, as their execution was not proved. [4 Porter, 330.]

2. The coroner, in the sale of the slaves in virtue of the execution against Patterson, was the agent of the creditors as well as of the parties to the execution, and was incapable of purchasing the property which he himself sold. [Miles v, Goodsell, 5 Conn. 475 ; Ormond v. Faircloth, 2 Hayw. 336 ; Lazarus v. Bryson, 3 Binney, 58; Carter v. Harris, 4 Rand. 204; Saltmarsh, v. Beene, 6 Ala. 20 ; McGehee v. Lindsay, 8th Ala. ; Davine v. Fanning, 2 J. Chan. 259 ; Story on Agency, sec. 200 to 232 ; Br. Bank v, Collins, 7 Ala. 102 ; Dixon v. Sharp, 1 Marsh. 211 ; Stapp v. Toler, 3 Bibb,450.]

He contended that the sale was absolutely void ; and that no other decision could protect the rights of creditors. That it was conceded the purchase by the coroner was unlawful, and could not be enforced by him, and that such was his attitude here, as the trial of right of property was a mere substitute for the action of trespass.

Creagh & Forwood v. Savage.

HENLEY and PECK, contra.—1. A purchase by a trustee, or by one standing in a fiduciary character as an agent, &c. at his own sale, is not absolutely void, but voidable merely. [McLane v. Spence, 6 Ala. 897; Saltmarsh v. Beene, 4 Porter, 283; 1 Story's Eq. 317; Davone v. Fanning, 2 J. C. R. 252; Wormly v. Wormly, 8 Wheaton, 421; Hawley v. Cramer, 4 Cow. 718; Gallatirn v. Cunningham, 8 Cow. 361; Hunter v. Atkins, 1 Coop. S. C.464; Prevost v. Gratz, Pet. C. C. R. 364.]

2. That such a purchase must be avoided by the *cestui que trust,* or if by creditors or other person, must be in a direct proceeding, having that for its object. [Long on Sales, 435, and cases above cited,] and until thus set aside, is good both at law and in equity.

3. That these rules apply fully to the executive officers of the law, and sustained by precisely the same reasoning as shown by the cases cited.

4. In causes like the present, an adequate remedy may be had in the Circuit Court, from which the execution issued, by motion to set aside the sale. [Mobile Cotton Press v. Magee, 9 Porter, 692.]

5. Although a Court might not entertain a suit by a sheriff to recover property bought at his own sale, which is the predicament of the cases relied on by the opposite side, the rule is entirely different when he is in possession, and his title is consummated.

ORMOND, J.—The first point made by the counsel for the plaintiff in error, is not, in our opinion, presented upon the record. It has been repeatedly held, that a party complaining of error in the judgment of the primary Court must present it distinctly upon the record, and that in doubtful cases every reasonable presumption and intendment will be made in favor of the judgment of the Court. This is a salutary and just rule, imposing no hardship whatever on the party supposing himself aggrieved, whilst the contrary doctrine would be productive of great mischiefs and would constantly lead to the reversal of judgments for supposed errors, which had not in fact been committed. If the objection here was that there was no proof of the execution of these instruments, the point should have been distinctly made in the Court below. But in addition to the want of a specific objection, such as is raised here, the record itself shows

what the true point intended to be raised was. The plaintiff had proved the possession by the defendant in execution of the property levied on, after the purchase by the claimant, down to the time of the levy by the plaintiffs To repel the presumption which the law makes in such a case, the note and agreement were offered by the claimant, to the introduction of which the plaintiffs objected, because they had no knowledge of them. This then is the precise point raised in the Court below, and is in effect an admission that in other respects these instruments were competent as testimony. We are clear in the opinion that the objection now made is not presented upon the record.

It is conceded by the counsel for the defendant in error, that a sheriff cannot make a valid purchase at a sale made by himself, and the only question for our decision is what is the effect of such a purchase; is it an absolute nullity so that no title passes to the purchaser, and the property may be again levied on and sold as the property of the defendant in execution, or is it voidable merely, at the election of the *cestui que trust* or other interested party? The rule that a sheriff or other executive officer of the law appointed to fulfil its mandate shall not purchase at his own sale, is founded on the well known rule of law, prohibiting trustees and all others standing in that relation from purchasing at their own sale. The rule has been explained at length by this Court in Saltmarsh v. Beene, 4 Porter, 283; and we therefore content ourselves with merely stating it. The reason of the rule, is, not that such a purchase is necessarily fraudulent; it may be indeed beneficial to the *cestui que trust* at the time it is made, but it is a rule of policy, resting for support on enlarged views of the incompatibility, of one occupying at the same time, the inconsistent relations of seller, and purchaser; and the impossibility of showing in most cases the circumstances of fraud, or imposition, if they really existed, and thus to cut off all temptation to impropriety of conduct. For these reasons such sales, are set aside as a matter of course, upon a seasonable application to a Court of Equity, and a re-sale ordered. [Davoue v. Fanning, 2 Johns. C, 252; Ex parte Lacy, 6 Vesey, 626; Ex parte Hughes, id. 618, Ex parte Bennet, 10 Vesey, 385; Gallatian v. Cunningham, 8 Cow. 361.]

This rule has been held applicable to purchases made by sheriffs at their own sales, and is assigned as the reason for the judg-

ments rendered, in the cases referred to, and relied on by the counsel for the plaintiff in error. Nor are we able to perceive any other sufficient reason, for declaring such sales invalid, than that which is derived from the incongruity of the sheriff being permitted, to be at once both buyer and seller. Such being the reason of the rule, it would seem entirely proper, that when the rule is applied to a purchase made by a sheriff at his own sale, it should be enforced with all its concomitants. No sufficient reason in our judgment, has been assigned, for adopting a part of the rule only. It is because he is acting for others, that he cannot purchase for himself, but it has never been held in relation to other fiduciaries, that they acquire no title by their purchase; on the contrary it is as well settled as any legal proposition can be, as shown by the cases cited, that the trustee by his purchase, takes a defeasible estate, subject to be divested at the election of the *cestui que trust*. Even when in addition to the fiduciary character of the purchaser, he acts fraudulently in the purchase, the title nevertheless vests in him by the purchase, and if acquiesced in by the *cestui que trust* for an unreasonable length of time, cannot be divested. [Johnson v. Johnson, 5 Ala. 90.]

In our opinion, all the reasons for holding the purchases, of one acting in a fiduciary capacity at his own sale voidable only at the election of the person interested, apply with increased strength when applied to the case of a purchase by the sheriff. His purchase may be beneficial to the parties to the execution : he may have given more than the property would again sell for; why then should the sale be disturbed. The interest of those concerned in the sale, is sufficiently protected, by giving them the right to have a re-sale of the property on refunding the price paid for it; although this point has not been expressly decided by us, such is the tendency of all our decisions. [McLane v. Spence, 6 Ala. 896, and Costillo v. Thompson, at the present term.]

Cases have been cited from Courts of very high authority, holding a different doctrine. We are not satisfied with the reasoning upon which they are founded, and cannot yield our assent to them. In Kentucky, where the principle has been most decisively settled, that such sales of personal property are absolutely void, and that no title passes to the sheriff, it may be remarked that there is a statute prohibiting the sheriff from purchasing land at his own sale, and declaring that it may be again sold by execution, for the debts of the defendant in execution and conside-

rable stress is laid by the Court in their judgment upon this as a legislative declaration of the policy of the State. [3 Bibb's Rep. 450.]

In Carter v. Harris, [4 Rand. 207,] the point is not decided but is expressly waived by the Court. That was a bill in chancery to vacate a sheriff's sale, for fraud in the manner of conducting it, and it was not necessary, or proper to determine whether the title passed by the sale, nor was the point decided.

On the other hand, in Massachusetts, it has been denied that any such objection exists to purchases by the sheriff, or that he sustains the relation of agent or trustee to the defendant; and whilst it was admitted that if either the creditor or the officer, by taking advantage of the necessities of the debtor should obtain from him an unconscionable bargain, the law would set it aside; the fact merely that the sheriff was the purchaser did not make the sale void. [Arnold v. Brown, 21 Pick. 96.]

We do not intend by this citation to commit ourselves to all the doctrines it contains, but to show the great diversity of opinion which obtains among Courts of commanding authority on this subjcet.

On principle we are not able to discover any reason for a more rigorous rule when the sheriff purchases at his own sale, than when any other agent sells to himself. In either case the purchaser takes a title which may be divested, and the property again sold at the instance of any one interested; and in the case of a sheriff this may be done in a summary way, by motion to the Court.

In the case of Costillo & Keho v. Thompson, at the present term, we held that the summary remedy was confined to the parties to the suit, and that the creditors of the defendant might have relief in equity, Whether such relief could be had by creditors at large, or whether it would be confined to those who were judgment creditors at the time, it is not necessary or proper now to determine.

Let the judgment be affirmed,