## KING *vs.* POPE.

[ACTION BY ATTORNEY AT LAW FOR SERVICES RENDERED.]

1. *Specific objection to evidence waives other objections.*—Where a specific objection is made to the admission of evidence on the trial of a cause, the party will be confined, on error, to the particular ground of objection stated in the court below, and held to have waived all other grounds of objection.
2. *Clerk's certificate of reversal of cause in supreme court, admissibility and relevancy of.* Conceding that the certificate of the clerk of the supreme court, showing

39

the reversal of a cause, is not competent evidence to prove the reversal, in an action brought by the attorney to recover his fees, yet it is neither irrelevant, nor *res inter alios;* and when objected to on these two grounds only, its admission is not erroneous.

3. *Relevant evidence, though insufficient, admissible.*—The admission of evidence which, though relevant to the issue, is of itself insufficient to entitle the party to a recovery, is not a reversible error.

4. *Ratification of attorney's unauthorized employment.*—Conceding that an attorney at law has no authority to employ another attorney to act for his client, yet, if he soon afterwards informs his client of such unauthorized employment, and the latter does not dissent from it, these facts are proper to be submitted to the jury, in an action brought by the second attorney to recover his fees, to enable them to determine whether the client did not assent to the employment.

5. *Admission of evidence prima facie irrelevant cured by subsequent proof.*—The admission of evidence which, when offered, was *prima facie* irrelevant, is not a reversible error, when the record shows that its relevancy was made to appear by evidence subsequently introduced.

6. *Charge erroneous, as invading province of jury.*—A charge asked which denies to the jury the right or authority to draw any reasonable inferences from the facts stated in it, is properly refused.

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. ANDREW B. MOORE.

ALEX. WHITE, for the appellant.
MORGAN & MARTIN, *contra.*

RICE, C. J.—The appellee brought this suit to recover for services rendered by him, as an attorney at law for appellant, in the circuit court of Shelby county, and in the supreme court, in a case of appellant and others against Jack Shackelford. There was evidence tending to show, that the case in which the services were rendered by the appellee as an attorney, was a proceeding for appellant, for himself as executor and creditor of the insolvent estate of one Mason, against Shackelford, one of the executors of said Mason; that it was commenced in the orphans' court of Shelby county; that a decree had been rendered in it in said orphans' court; that appellant had employed another lawyer to attend to the case in the orphans' court, and this lawyer had spoken to appellee to attend to the case for appellant in the supreme court, upon its going up the first time to that court, and had informed appellant of this soon afterwards; that services were rendered (the value of which was proved) by appellee, in the supreme

court, when the case went up the first time ; that the case was afterwards transferred from the orphans' court to the circuit court, in consequence of the incompetency of the judge of the orphans' court ; that the other lawyer mentioned above, as having been employed by the appellant, was present at the trial of the case in the circuit court, attending to it, but appellee took the lead in conducting the case on the trial ; that appellant was also present at that trial, and did not make any objection to appellee attending to the case, and that he and appellee conferred about the case on that trial ; that the decree of the circuit court was in favor of appellant and others, and against Shackelford ; that an appeal from this decree was taken to the supreme court, and appellee alone argued the case on this appeal on the side of appellant as executor, &c. "There was no express contract proven of defendant having employed" appellee to attend to the case for him. The appellee offered in evidence the certificate of the reversal of the case, when it went up from the orphans' court to the supreme court ; but the appellant objected to its introduction, "as irrelevant and *res inter alios.*" The court overruled this objection, and the appellant excepted.

In this court, the appellant must be confined to the two specific grounds of objection stated by him in the court below, and as having waived all other grounds of objection to the certificate of reversal.—Creagh v. Savage, 9 Ala. Rep. 959. If he had stated, as one of his grounds of objection, that the reversal could not be proved in this suit by the certificate of a reversal, but only by a duly certified transcript of the record of the supreme court, or of the judgment of reversal, we may concede that his objection should have been sustained.— Draughn v. Tombeckbee Bank, 3 Stew. R. 54 ; Locke v. Winston, 10 Ala. R. 849. He did not, however, state any such ground of objection. The two grounds stated by him do not raise the question, whether such duly certified transcript should not have been produced ; but raise only the question, whether the matter contained in the certificate is "*irrelevant,*" or "*res inter alios.*" The question really presented, is precisely the question which would have been presented, if a duly certified transcript of the judgment of reversal had been offered in evidence, and objected to by appellant, "as irrelevant

and *res inter alios*." We deem it too clear for argument, that the matter of the judgment for reversal, whether appearing in the certificate of reversal, or in a duly certified transcript, was neither "irrelevant" nor "*res inter alios*" on the trial of this suit.

There was no reversible error, in allowing the appellee to prove the services rendered by him in the supreme court in the case, when it went up from the orphans' court, and when it went up from the circuit court, and the value of such services. Such evidence was relevant, although not sufficient, of itself, to entitle him to recover.—Cuthbert v. Newell, 7 Ala. R. 457.

Conceding that the lawyer, who was unquestionably employed by appellant to attend to the case against Shackelford, had no authority to employ the appellee as an attorney for the appellant, without the consent of appellant; yet, if he did employ the appellee as an attorney for the appellant, and soon afterwards informed the appellant of this, and the appellant did not dissent from it, these certainly were facts proper to be submitted to the jury, to enable them to determine whether the appellant did not assent to such employment of the appellee as an attorney for him.—Hitchcock v. McGehee, 7 Por. Rep. 556.

Whether the respective portions of evidence objected to by the appellant, were or were not, *prima facie*, irrelevant, at the time they were admitted by the court, makes no difference in this case. For, if they were *prima facie* irrelevant when admitted, the record shows that their relevancy was made to appear from their connection with evidence subsequently introduced. This cured the error of their admission, if such error existed.—Lawson v. The State, 20 Ala. Rep. 65; 1 Greenlf. Ev. § 51, a.

The defendant asked the court to instruct the jury, "That if there was no other evidence of an implied contract by defendant to pay plaintiff for the services rendered at the last trial in the supreme court, than the fact that plaintiff had attended to the case, on its first trial in that court, at the request of the lawyer who had been employed by defendant, and the fact that that lawyer had informed defendant that he had done so, and the further fact that plaintiff had attended

to the case on such first trial, and had afterwards attended to the case in the circuit court, and that defendant was present, and did not object to his conducting the case,—that these facts would not authorize them to find for plaintiff, for services rendered by him on the last trial in the supreme court." The court refused this charge, and then gave the following : "That if the plaintiff attended to the first trial in the supreme court, and argued the case, with defendant's knowledge, and afterwards conducted the case as leading counsel in the circuit court, while defendant was present, and defendant made no objection to his conducting the case, and plaintiff afterwards argued the case in the supreme court, as the sole attorney in that court,—the jury might look to these as circumstances tending to show defendant's assent to plaintiff's appearance for him in the case ; and that, if the jury believed that he did so assent, the defendant would be liable to the plaintiff for the reasonable value of the services rendered in the management of said case."

There was no error in refusing the charge asked by appellant. That charge asserts, that the facts stated in it would not authorize the jury to find for appellee, for services rendered by him on the last trial in the supreme court. That was going too far. These facts might have authorized the jury to find for appellee for those services, in one contingency ; that is, in the event the jury believed from those facts, or inferred from them, that these services were rendered by appellant's request or assent. The charge as asked does not question the right of appellee to recover for his services on the first trial in the supreme court, and for his services on the trial in the circuit court; nor does it question the existence of the relation of client and attorney, between appellant and appellee, so far as the first trial in the supreme court and the trial in the circuit court were concerned. If, then, the jury believed from the evidence that the relation of client and attorney existed between appellant and appellee, at the first trial in the supreme court, and at the trial in the circuit court, and that, in rendering the services on these trials, the appellee acted as the attorney of appellant, and was in fact his attorney; and if, in addition to this, the facts stated in the charge were

believed,—then these facts might well have authorized the jury to infer and find, that the relation of client and attorney between appellant and appellee continued to exist on the last trial in the supreme court, that the services rendered on that trial were rendered by the assent and request of appellant, and that appellant was liable for them. The charge as asked denied to the jury the right or authority to draw any reasonable inferences from the facts stated in it.—Hitchcock v. McGehee, 7 Porter ; Swallow v. The State, 22 Ala. R. 20.

The charge given by the court was appropriate and correct.

Upon examination of the several matters complained of by appellant, we find no error. The judgment below is affirmed.