(110 So. 402)

WALLACE v. W. B. FOLMAR & SONS. (4 Div. 284.)

(Supreme Court of Alabama. June 10, 1926. Rehearing Granted Nov. 11, 1926.)

I. Appeal and error ⬅356—Appellate court acquires no jurisdiction of appeal not taken within six months from date of judgment (Code 1923, § 6127).

Under Code 1923, § 6127, appeal not taken within six months from date of judgment does not confer jurisdiction on appellate court.

2. Appeal and error ⬅387(5)—Appeal bond filed more than six months after judgment is not effective for purpose of appeal, though dated prior to filing.

Appeal bond does not become effective until filed with clerk, though dated prior thereto, and, where filed more than six months after rendition of judgment, bond is not effective for purpose of appeal.

On Rehearing.

3. Appeal and error ⬅345(1)—Relative to time for appeal finality of judgment is suspended by motion for new trial.

Motion for new trial suspends finality of judgment for purpose of appeal until motion is acted upon, and an appeal taken within six months after judgment on motion is within time.

On the Merits.

4. Insurance ⬅188(2)—Evidence of agent's remittance to insurer of premiums, for which note sued on was given, held admissible to disprove plea of failure of consideration.

In agent's suit on note for insurance premium, defended on ground of failure of consideration, evidence that agent remitted premium to insurer and receipt therefor *held* properly admitted.

5. Evidence ⬅121(3)—Application filled in by agent, to be copied in blank signed by insured, held admissible as part of res gestæ in suit on premium note.

In suit on note for insurance premium, application filled in in pencil by insurance agent, at time of transaction, to be copied in blank form signed by insured, was admissible as part of res gestæ.

6. Insurance ⬅188(2)—Application filled in by insurance agent held admissible, in suit on premium note, to contradict defendant denying that such application was made.

Application for insurance, filled out by agent in pencil to be copied in blank signed by defendant, was admissible in suit on note for insurance premium, to corroborate insurance agent and to contradict defendant denying that such application was made and claiming to have signed only application filled out in ink.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Action by W. B. Folmar & Sons against J. N. Wallace. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed on rehearing.

It appears that one Hugh Rodgers, a representative or subagent of the plaintiffs, took from defendant an application for a policy of life insurance in the Franklin Life Insurance Company and also defendant's note, payable to plaintiffs, in payment of the first annual premium,

The suit is upon the promissory note. Defendant filed a special plea alleging that the consideration of the note was an undertaking on the part of plaintiffs to deliver to defendant a policy of insurance providing for payment to defendant's beneficiary of $10,000 in a lump sum; that the policy undertaken to be delivered by plaintiffs provided for payment in 20 annual installments, being altogether different from the policy applied for and agreed to be delivered; that defendant rejected the policy, seasonably repudiating the transaction; and that the consideration of the note failed.

Steiner, Crum & Weil, of Montgomery, and J. C. Yarbrough, of Enterprise, for appellant.

A motion for new trial, seasonably made, suspends the judgment. The judgment does not become final for the purpose of an appeal

# KINNEY v. WHITE

until the motion is disposed of. Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Liverpool, etc., Co. v. Lowe, 208, Ala. 13, 93 So. 765; Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Code 1923, § 6127, §§ 6667, 6670. Counsel discuss other questions, but without citing additional authorities.

W. W. Sanders, of Elba, for appellees.

An appeal must be taken within six months from the date of the judgment, and, if taken later, the appellate court does not acquire jurisdiction to entertain the same. Code 1923, § 6127; Rowell v. State, 166 Ala. 44, 52 So. 310; Dennis v. Currie, 142 Ala. 637, 38 So. 802. An appeal is taken by the giving and approval of a supersedeas bond conditioned as required by law. Code 1923, § 6101 (c). A judgment will not be reversed, except for prejudicial error, which probably injuriously affects the substantial rights of appellant. Sup. Ct. rule 45, 4 Code, 1923, p. 895.

PER CURIAM. [1, 2] An appeal must be taken within six months from the date of the judgment, and, if taken later, the appellate court does not acquire jurisdiction to entertain same. Section 6127 of the Code of 1923; Rowell v. State, 166 Ala. 44, 52 So. 310; Dennis v. Currie, 142 Ala. 637, 38 So. 802. The judgment in this case was rendered February 3, 1925, and the appeal bond was not filed until November 9, 1925, more than six months thereafter. True, the bond purports to be dated as of April 4th, but it did not become effective as for the purpose of taking the appeal until filed with the clerk.

The appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

## On Rehearing.

PER CURIAM. [3] In dismissing this appeal, it was not at the time brought to the attention of the court that there was a motion for a new trial made and that the judgment on same was rendered less than six months before the appeal was taken. This suspended the finality of the judgment as for the purpose of an appeal, until the motion for a new trial was acted upon. Childers v. Samoset Mills, 213 Ala, 292, 104 So. 641; Shipp v. Shelton, 193 Ala. 658, 69 So. 102. The motion for a rehearing is granted, and the judgment dismissing the appeal is set aside.

## On the Merits.

[4] There was no error in permitting appellees to prove that they had remitted the premiums for which the note was given to the Franklin Company and in showing the receipt for same, as the note was given for the premium and there was a plea of a failure of consideration.

[5, 6] There was no error in permitting the introduction of the application filled in in pencil by Rodgers at the time of the transaction with the appellant. It was not a mere memorandum to refresh the memory, but was, in a sense, a part of the res gestæ. While not signed by the defendant, Rodgers testified that it was filled in with pencil in his presence, and appellant signed a blank form to be filled in from the information contained in the one filled in with pencil. The appellant denied signing an application in blank, or that one was filled out with pencil, and claimed that the one he signed was then and there filled in in ink before he signed it. Therefore the one claimed to have been then filled in by Rodgers was evidence for the jury as shedding light on the transaction, and as contradictory of the appellant and corroborative of Rodgers.

The judgment of the circuit court is affirmed.

Motion for rehearing granted, judgment of dismissal set aside, and case affirmed

Affirmed.