119 So.2d 1

**GULF REFINING COMPANY et al.**

v.

**FIRST NATIONAL BANK OF MOBILE**
et al., as executors of Will of Martha
E. Sawyer, dec'd, et al.

1 Div. 721.

Supreme Court of Alabama.

March 17, 1960.

McCorvey, Turner, Rogers, Johnstone & Adams, Mobile, and Chas. C. Richmond and Wm. R. Harris, Jackson, Miss., for appellant.

Vincent F. Kilborn and Pillans, Reams, Tappan, Wood & Roberts and Sidney S. Pfleger, Mobile, for appellees.

GOODWYN, Justice.

This is an appeal by the Gulf Refining Company, respondent and cross-complainant below, from a final decree of the circuit court of Mobile County, in equity, granting relief to Mrs. Martha Sawyer, complainant and cross-respondent below, and denying relief to Gulf. Both the original bill and cross-bill seek to reform the description of lands contained in a gas and oil lease given by Mrs. Sawyer to Gulf. The description contained in the lease is as follows:

> "Land commencing 128 feet North of the Southwest corner of the Northwest Quarter (NW ¼) of Northeast Quarter (NE ¼), Section E:ghteen (18), Township Two North (T2N), Range Two West (R2W) and runs North 173 feet, thence Northeast 1050 feet to the North line of the Northwest Quarter (NW ¼) of Northeast Quarter (NE ¼), Section Eighteen (18) at a point 550 feet East of the Northwest corner of said Northwest Quarter (N W ¼) of Northeast Quarter (NE ¼), thence runs East 770 feet to the Northeast corner of the Northwest Quarter (NW ¼) of Northeast Quarter (NE ¼), thence South 1320 feet to the Southeast corner of said quarter section, thence West 1070 feet, thence North 200 feet, thence West 250 feet to the point of beginning, containing 32 acres, more or less.

> "Lot 27, Block 17, Dickie Subdivision, Town of Citronelle, more particularly described as lot bounded on the South by the South line of Section Twenty-six (26), bounded on the West by land owned by B. E. Newberry, on the North by land owned now or formerly by A. Hand, bounded by the public road on the East side; said lot being in the Southeast Quarter (SE ¼) of Southeast Quarter (SE ¼), Section Twenty-six (26), Township Two North (T2N), Range Three West (R3W); containing 5 acres, more or less. Containing in the aggregate 37 acres, more or less."

Our concern is with the second paragraph of the description. There is no dispute with respect to the 32-acre tract con-

tained in the first paragraph. Mrs. Sawyer contends that this tract was all that was intended to be included in the lease, and that none of her other lands should have been included.

Lot 27 is her home place. It contains about one-half acre and is located about a mile from a five-acre tract owned by her. Gulf contends it was intended that both Lot 27 and the five-acre tract be included in the lease. These two tracts are in different sections. As appears from the description, the words "more particularly described, etc.", purportedly describes Lot 27. There is no question that such is not the case.

Gulf, by its cross-bill, seeks to reform the description by adding the words " 'also property' or words of similar import" just following the words "Town of Citronelle" in the description. Gulf's contention is that in drafting the lease, Mrs. Lois Nichols, who obtained the lease for Gulf, inadvertently omitted the words "also a lot" at the place indicated.

As stated in Gulf's brief, "the entire controversy in this case revolves around the construction,—when taking into consideration the surrounding circumstances,—of the" second paragraph of the description.

It seems to us that the following from the trial court's decree clearly states the issue with respect to the primary question of reformation, viz.:

"For an orderly determination of the issues in this case the Court first turns to a determination of the matters set forth by Gulf Refining Company in its cross-bill. Generally speaking the burden of the cross-bill filed by Gulf Refining Company seeks reformation of the lease given it by Martha E. Sawyer August 4, 1953, on certain lands in Mobile County, Alabama, and seeks to declare the coverage of the lease and a quieting of the title of Gulf Refining Company to the mineral interests it claims under such oil and gas leases on certain lands in the town of Citronelle, Alabama.

\*     \*     \*     \*     \*     \*

"Decision of this cause rests squarely on the question of what lands were intended to be embraced in the lease from Martha E. Sawyer to Gulf Refining Company dated August 4, 1953 \* \* \*. In short, what lands are in fact covered by the lease and what lands were in fact intended to be covered by the lease?

\*     \*     \*     \*     \*     \*

"No question is raised by any party that the lease was not intended to cover the lands described in the first descriptive paragraph above. These lands are located several miles North of Citronelle in Section Eighteen, Township Two North, Range Two West, Mobile County, Alabama.

"Complainant and Respondent Dan L. Reynolds, Inc., contend that it was never the intention between Complainant Martha E. Sawyer and Respondent Gulf Refining Company that this lease should cover any property within the Town of Citronelle. Lot Twenty-seven, Block Seventeen, Dickie Subdivision of the Town of Citronelle, is a residence located at the corner of State and Oak Streets in Citronelle and is the Complainant's home. This lot is located in Section Thirty-six, Township Two North, Range Three West. Complainant contends that this lot was never at any time intended to be included in the lease at all, nor were any of her lands in Section Twenty-six, Township Two North, Range Three West, ever intended to be leased at all. Complainant's lands in Section Twenty-six, Township Two North, Range Three West, are likewise lands located within the Town of Citronelle. Both lot Twenty-seven, Block Seventeen, Dickie Subdivision, and Complainant's lands in Section Twenty-six, Township Two North, Range Three West, are several miles Southwardly of the lands in Section Eighteen, Township Two North, Range Two West. None of Section Eighteen is anywhere near the town of Citronelle. As Complainant expresses it, the Section Twenty-six, Township Two North, Range Three West lands, and her home property, Lot Twenty-seven, Block Seventeen, Dickie Subdivision, are

'town property' (i. e. in the town of Citronelle) and her lands in Section Eighteen, Township Two North, Range Two West, are 'Mobile County lands' (i. e. lands out in the outlying county areas and not 'in town'.)

"Gulf Refining Company contends, contrary to Complainant and Respondent Dan L. Reynolds, Inc., that it was intended by the parties that the Gulf Refining Company lease should cover *all* of Complainant's lands in Mobile County (i. e. her 'town lands', and the lands in Section Eighteen, Township Two North, Range Three West, as well). Gulf Refining Company further says that, by a mistake of the scrivener, the second paragraph of the lease given it by Martha E. Sawyer omitted the words 'also a lot' following the description in the second paragraph of the lease, of Lot Twenty-seven, Block Seventeen, Dickie Subdivision, Town of Citronelle. In short Gulf Refining Company asserts that the second paragraph of the lease should be reformed to correct what it says was a scrivener's error. There was evidence that in all events, Gulf Refining Company noted the alleged error or omission in the legal description in the second paragraph within a week or so after the lease was signed by Mrs. Sawyer and delivered to it. No steps were shown to have been taken to correct the error, if one existed, or to call it to Mrs. Sawyer's attention at all. The actual purported coverage of the lease, by the evidence, was discovered by Complainant some two years after the lease was signed and when she sought to make a lease to Dan L. Reynolds, Inc. * * * Laches was pleaded.

"The actual taking of much oral evidence by the Court upon trial of the cause consumed a number of days of trial time. Moreover the Court presided also at the taking of the depositions of Martha E. Sawyer and Mrs. Lorena Martin * * *. Upon careful and attentive consideration of all of the pleadings and evidence, the testimony of the witnesses, their demeanor as observed by the Court, and a careful and close study of the various voluminous exhibits, some nearly fifty in number, whether offered by one party or the other, the Court is of the opinion that under all of the facts in this case Gulf Refining Company is not entitled to reformation of the second paragraph of the lease so as to include the lands of the Complainant located in Section Twenty-six, Township Two North, Range Three West.

"The second paragraph of the lease on its face covers either the Complainant's home or the lands in Section Twenty-six, but not both of them. Gulf Refining Company contended that the description in the second paragraph was intended to include both and that the lease should be reformed to add after the words 'Town of Citronelle' the words 'also a lot'. In the Court's opinion as just stated Respondent Gulf Refining Company is not entitled to reformation of the lease to include those words.

"Turning now to the Complainant's contention that the lease was never intended to cover any of her 'town property', whether the same be her home at Lot Twenty-Seven, Block Seventeen, Dickie Subdivision or the lands in Section Twenty-six, the Court is of the opinion that the lease was never intended to cover or embrace any of the property described in the second paragraph of the lease and that the second paragraph of the lease is due to be stricken from the lease and such second paragraph of the lease is due to be cancelled, annulled and declared void or of no effect whatever."

Gulf argues that the trial court erred to a reversal in each of the following respects:

(1) In reforming the description in the lease in the manner contended for by Mrs. Sawyer and denying reformation as contended for by Gulf.

(2) In refusing to admit in evidence a pad containing a memorandum made by Mrs. Lois Nichols containing a correct description of Mrs. Sawyer's lands (that is, the 32-acre tract, the home lot and the 5-acre tract).

(3) In refusing to allow Mrs. Nichols to testify as to whether or not she could recite, verbatim, the contents of the written memorandum on the pad, after having refreshed her recollection of the contents of same.

(4) In excluding the answer "I did" given by Mrs. Nichols when asked the following question by Gulf's attorney, viz.: "Mrs. Nichols, in transcribing the description, which was given to you by Mrs. Sawyer, did you or not leave out a portion of that description by mistake?"

(5) In denying to Gulf the right to inquire of Mrs. Nichols if she was acting, or had authority to act, as agent for Gulf in any way other than obtaining gas and oil leases.

### (1)

The evidence in the case (including numerous documentary exhibits) is rather voluminous. It is obvious that the case was well tried, presenting to the trial court what seems to us to be a factual issue to be resolved from conflicting tendencies in the evidence.

Apparently, Gulf relies on the insufficiency of the evidence to sustain the decree. But its brief does not contain "a condensed recital of the evidence given by each witness in narrative form", as required by Rule 9 of the Revised Rules of the Supreme Court, 261 Ala. XIX, XXII, Code 1940, Tit. 7 Appendix, 1955 Cum. Pock.Part, Appendix, pp. 219, 222. However, we have read and carefully considered the evidence and do not think we would be warranted in setting aside the decree. What was said in Pugh v. Cannon, 266 Ala. 97, 101–102, 94 So.2d 386, 390, seems equally applicable here, viz.:

"As we see it this case presents, purely and simply, a factual issue which was resolved against appellants. Although there are conflicts in the evidence there is ample evidence to support the trial court's findings and decree. The rule of review in cases where testimony is given ore tenus, as in this case, has been stated so many times as to be axiomatic—the judgment of the trial court has the effect of a jury's verdict and will not be disturbed on appeal unless plainly and palpably wrong. Hinson v. Byrd, 259 Ala. 459, 66 So.2d 736; Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135; Haden v. Boykin, 259 Ala. 504, 66 So. 2d 708; Huggins v. Turner, 258 Ala. 7, 60 So.2d 909. The question being fairly debatable and neither conclusively proved nor disproved, 'this court, under our settled rule, will not substitute its own judgment for that of the trier of facts at nisi prius, who heard the witnesses testify and who is charged with the primary duty and responsibility of determining the matter.' Forest Hill Corporation v. Latter & Blum, 249 Ala. 23, 29, 29 So.2d 298, 302. There being ample evidence to support the trial court's findings, we perceive no basis, in the light of the stated rule of review, to disturb them."

We see no good purpose to be served by entering upon a detailed discussion and analyzation of the evidence and its conflicting tendencies.

### (2)

About the end of July, 1953, Mrs. Lois Nichols and W. W. Ruhlen, on behalf of Gulf, went to see Mrs. Sawyer at her home in Citronelle for the purpose of obtaining an oil and gas lease from her. Mrs. Nichols testified that during the visit she wrote on a pad a description of certain lands owned by Mrs. Sawyer; that the description was obtained from Mrs. Sawyer and from old documents in her home. In the description written in the pad appear the words "also a lot" immediately following the word "Citronelle." On August 4, 1953, Mrs. Nichols, accompanied by Charles F. Walker, again visited Mrs. Sawyer on behalf of Gulf and gave her the lease which Mrs. Nichols had draws up. The lease is dated August 4, 1953, but there is some dispute whether Mrs. Saw-

yer executed and delivered it at that time or a few days later when, according to Mrs. Nichols, she returned to see Mrs. Sawyer.

■ The record discloses a rather lengthy running account of Gulf's effort to introduce in evidence, and Mrs. Sawyer's effort to keep out of evidence, the pad, or the three pages of the pad on which the description was written. The trial court sustained Mrs. Sawyer's objections to introduction of such memorandum. It is apparent that the memorandum was offered in evidence under the rule relating to refreshing the memory of witnesses from memoranda, as approved in the following cases: Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473; Deal v. Hubert, 209 Ala. 18, 95 So. 349; Byars v. James, 208 Ala. 390, 94 So. 536; Singleton v. Doe ex dem. Smith, 184 Ala. 199, 63 So. 949; Birmingham Ry., Light & Power Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Acklen's Ex'r v. Hickman, 63 Ala. 494, 35 Am.Rep. 54; Allison v. Briskey, 36 Ala. App. 225, 54 So.2d 317. But that is not the basis of Gulf's argument on this appeal. As we understand it, Gulf's insistence now is that the memorandum was admissible on the theory that it was part of the res gestae of the transaction. See: Coleman v. Adkins, 232 Ala. 351, 168 So. 184; Wallace v. W. B. Folmar & Sons, 215 Ala. 246, 110 So. 402; Ward v. Lane, 189 Ala. 340, 66 So. 499; Moses v. Katzenberger & Sons, 84 Ala. 95, 4 So. 237; 76 C.J.S. Reformation of Instruments § 83, subd. a, pp. 451–452. Since the trial court was not called upon to rule on the admissibility of the memorandum as being a part of the res gestae, Gulf cannot now charge error in refusing to receive it in evidence on that ground (assuming, without deciding, that it was admissible on that basis). As said in Thompson v. Drake, 32 Ala. 99, 101–102.

"The plaintiff, by offering the evidence for three specified purposes, must be regarded as having admitted its incompetency for any other pur-

pose; and he will not be permitted to allege its competency in any point of view not embraced in the special grounds presented to the court below. —King v. Pope, 28 Ala. 601; Creagh & Forward v. Savage, 9 Ala. 959. A different decision would open the door for the misleading of the circuit judges, by the presentation of feigned grounds of objection; and would impose upon this court the duty of reversing judgments, where the court below had correctly decided the points presented to it."

The principle is thus stated in 5 C.J.S. Appeal and Error § 1506d, p. 905: "A party offering, on one ground, evidence which is thereupon excluded may not, on appeal, urge that it was admissible on another ground." See: Melvin v. State, 32 Ala.App. 10, 21 So.2d 277. Cf. Garrett v. State, 268 Ala. 299, 306, 105 So.2d 541; Cotney v. State, 248 Ala. 1, 5, 26 So.2d 603; Archer v. Sibley, 201 Ala. 495, 496, 78 So. 849.

■ There is still another reason why we do not think it was reversible error to refuse to admit the memorandum. Mrs. Nichols testified that she knew the description "without the book." In fact, she testified of her own independent recollection that the only difference between the description in the lease and that in the pad was that the lease left out the words "also a lot" which were a part of the description as written in the pad. Thus, the trial court had before it, and was fully informed of, the description in the pad and the actual difference between the two descriptions. We are unable to see how Gulf was really hurt by failure to get the pad in evidence. Supreme Court Rule 45, 261 Ala. XIX, XXXVII.

(3)

■ On redirect examination of Mrs. Nichols, Gulf undertook to question her (the record does not disclose any precise question being directed to Mrs. Nichols, but apparently it was understood by the

**358**

court what Gulf was seeking to do) as to whether she could give a verbatim recital of the description as written in the pad. The trial court sustained Mrs. Sawyer's objection to such questioning "as not being in rebuttal to anything brought out on cross-examination." We find no reversible error in this action of the trial court. As said in Bertolla v. Kaiser, 267 Ala. 435, 443, 103 So.2d 736, 743:

> "The rule is well-established that '* * * the acceptance or rejection of evidence not strictly in rebuttal is within the sound discretion of the trial court.' Sieben v. Torrey, 252 Ala. 675, 677, 42 So.2d 621, 623, and authorities there cited."

### (4)

 On redirect examination Mrs. Nichols was asked the following question: "In transcribing the description which was given to you by Mrs. Sawyer, did you or not leave out a portion of that description by mistake?" She answered, "I did." This answer was stricken on Mrs. Sawyer's motion.

Mrs. Nichols had already testified to this effect without objection from Mrs. Sawyer on direct examination. We have held that "it is harmless error for the trial court to exclude evidence where such evidence was admitted at another time and in another form." Cole v. Louisville & Nashville R. Co., 267 Ala. 196, 200, 100 So.2d 684, 688; Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 196, 189 So. 757; Dukes v. State, 210 Ala. 442, 443, 98 So. 368.

Also, whether the question should be allowed on redirect examination was a matter resting within the sound discretion of the trial court. Moore-Handley Hardware Co. v. Williams, supra.

It might be noted, too, that the answer was excluded without error because it was in response to a question which was an ultimate question of fact to be resolved by the trial court. See: Upton v. Read,

256 Ala. 593, 596, 56 So.2d 644; Smith v. Dollar, 223 Ala. 661, 663, 138 So. 277.

### (5)

On redirect examination of Mrs. Nichols, Gulf sought to ask her the following questions: "Mrs. Nichols, did you, as an agent of the Gulf Refining Company, have any authority vested in you, other than obtaining oil, gas and mineral leases?" "Mrs. Nichols, were you acting as an agent for the Gulf Refining Company in any way other than obtaining leases?" Objections to these questions were sustained. In taking such action the trial court said: "I don't think this is in answer to any rebuttal. That is the reason I am sustaining the objections." We find no reversible error in sustaining the objections. Bertolla v. Kaiser, supra.

It follows, from what we have said, that the judgment appealed from is due to be affirmed.

Affirmed

SIMPSON, STAKELY and MERRILL, JJ., concur.