This appeal involves a dispute over ownership of real property. The parties claim certain parcels of land under conflicting deeds, and plaintiffs claim another parcel by adverse possession. The trial court held *Page 821 
that defendants own all the parcels, and plaintiffs appeal.
On July 6, 1946, John Swindal and his wife conveyed to Lester E. White 38 acres, the NE 1/4 of the NE 1/4 of Section 21, Township 22, Range 5 West, less two acres previously deeded for two cemeteries. White had the deed recorded on that date.
County Road 24 runs east and west approximately in the middle of the quarter-quarter section. Swindal had lived in a house on the south side of the road, and Lester White and his wife Lula Mae White moved into that house when they bought the property.[1]
The land in dispute lies north of the county road. Isaac Fowler and his wife owned land north of the section line and land west of the quarter-quarter section line bounding on the west the property described in White's deed. The Fowlers' house was just north of the quarter-quarter section.
In 1937, well before the Whites purchased from Swindal, a controversy arose between Swindal and Isaac Fowler. Fowler claimed to own certain portions of the land within the quarter-quarter section. Swindal had bought the land in 1934, and had a survey done to find out where his land was and how much he had. As he testified, the survey "went through . . . Mr. Fowler's front yard at the north quarter line." Fowler executed a quitclaim deed to Swindal, apparently conveying his interest in the portion of the quarter-quarter section north of the road. Swindal, in turn, conveyed to Fowler three described parcels: six acres, more or less, on the east side of the disputed property, two acres, more or less, known as the oak grove in front of Fowler's house, and one acre, more or less, including a spring. The parties describe these parcels as comprising 7.2 acres in the quarter-quarter section north of the road.
Swindal had his quitclaim deed from Fowler recorded on November 12, 1937, but Fowler did not record his contemporaneously-executed deed from Swindal until September 10, 1948, more than two years after White purchased the property. White contends that because he purchased the entire quarter-quarter section without record notice of Fowler's interest, he owns the 7.2 acres in addition of the rest of the property north of the road.
The appellees, Fowler's heirs, reply that White purchased the land with actual notice from Swindal that he had conveyed the 7.2 acres to Fowler. The trial court agreed in its findings of fact:
 "According to J.V. Swindal's testimony he had previously deeded to Isaac M. Fowler the 7.2 acres in question in 1937. He further testified that he had made Mr. White aware of this fact. The testimony further showed that a barn was built in 1949 and a pump house was built [at the spring] on the property. That pine timber had been cut off the land in question in 1954. The testimony further revealed that the Whites lived only a short distance from the Fowlers but never objected to the building of the pump house, barn or the cutting of timber and maintaining approximate[ly] two acres [the oak grove] along the side of the drive up to the Isaac M. Fowlers' house. The testimony further revealed that the Plaintiff and Swindal's [sic] were lay people and had not consulted a lawyer to advise them as to how to prepare the deed in 1946.
 "The deed should have excepted the 7.2 acres which had already been deeded to the Fowlers."
If a deed conveying real property is not recorded, it is void as to a subsequent party who purchases without notice of the prior deed. Code 1975, § 35-4-90 (a). "[W]hatever is sufficient to excite attention and put the party on his guard and call for inquiry is notice of everything to which the inquiry would have led; . . . one who has knowledge of facts sufficient to put him on inquiry as to the existence of an unrecorded *Page 822 
deed is not a purchaser without notice within the protection of the registry statutes." Jefferson County v. Mosley, 284 Ala. 593,599, 226 So.2d 652, 656 (1969) (citations omitted).
White disputes the trial court's finding that he purchased with notice of Fowler's interest, by citing Swindal's testimony and pointing out that Swindal could not definitely recall that he told White of the earlier deed to Fowler before he conveyed the property to White. On direct examination, Swindal testified:
 "Q. You told Mr. White you deeded some property to Mr. Fowler?
"A. Yes.
 "Q. And was this before you sold the property to Mr. White?
 "A. It was `long about the time I sold it. It was before or right after, I don't know."
At the end of Swindal's testimony, the court asked him some further questions, during which the following exchange took place:
"A. He was told what he was getting. I told him.
 "THE COURT: Did you walk and show him the corners and all?
 "A. I told him what I deeded him. I deeded him the grove and that acre going down by this spring and all that back to the Kynard fence.
 "THE COURT: You told Mr. White you had — that you had deeded that to Mr. Fowler?
"A. Yes."
While neither exchange specifically shows that Swindal imparted the information to White before giving him the deed, both do admit of that conclusion. When supported by the evidence of possession by the Fowlers, particularly the maintenance of the oak grove and the indication that they used it for their driveway, the record supports the trial court's finding that White had notice either of the Fowlers' deed, or at least of facts sufficient to put him on inquiry, prior to purchasing the property.
White further argues that the trial court erred in disallowing certain rebuttal testimony. The acceptance or rejection of evidence not strictly in rebuttal is within the sound discretion of the trial court. Gulf Refining Co. v. FirstNational Bank of Mobile, 270 Ala. 351, 119 So.2d 1 (1960);Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736 (1958). We find no abuse of that discretion in this case. The question regarded the cutting of timber on the 7.2 acres, but brought up new matter regarding C.E. Hornsby, who had not been previously mentioned.
Finally, White argues that the trial court erred in denying his claim of adverse possession of a four-acre parcel west of the property described in his deed. This parcel is situated in the NW 1/4 of the NE 1/4 of Section 21 and adjoins the land undisputedly conveyed to White in the western part of the NE 1/4 of the NE 1/4 north of County Road 24. The Fowlers are record owners of this land. White claimed to have fenced the four acres, planted pine trees, and done other acts establishing possession. The Fowlers, however, denied the existence of a fence or of planted timber, and introduced evidence of acts establishing their claim to own the land.
The trial court found "no testimony that the Plaintiffs held 4 acres in the [NW 1/4 of the NE 1/4] . . . openly and continuously for twenty years." The judgment of a trial court in a boundary line dispute carries a presumption of correctness where the evidence is presented orally. The presumption is particularly appropriate where, as here, the witnesses referred and pointed to exhibits and maps, some of which are not in the record. Kirby v. Jones, 370 So.2d 250 (Ala. 1979); Smith v.Clark, 341 So.2d 720 (Ala. 1977); Barnett v. Millis, 286 Ala. 681, 246 So.2d 78 (1971).
The trial court's findings and judgment are not to be disturbed unless clearly erroneous. Rule 52, A.R.Civ.P., and cases cited, supra. The judgment of the trial *Page 823 
court is not clearly erroneous, and so it is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] Both Mr. and Mrs. White are plaintiffs/appellants, but only Mr. White is named as a grantee on the deed.