Olympia Produce Company ("Olympia") filed a two-count complaint in the Circuit Court of Cherokee County against Marc Fobbus, Cheryl Fobbus, Helen Fobbus Oyler, and Associates Financial Services of Alabama, Inc. ("Associates"). In its first count, Olympia sought a judgment against defendants Marc Fobbus, Cheryl Fobbus, and Helen Fobbus Oyler for the unpaid balance of a promissory note executed by them. Olympia further asked that the mortgage on property located in Cherokee County, Alabama (this property had been mortgaged to Olympia by defendant Helen Fobbus Oyler, who owned a one-half interest, as security for the payment of the promissory note) be judicially foreclosed. In its second count, Olympia asked for money damages against the individual defendants, alleging that they intentionally, willfully, maliciously, and/or recklessly added certain language to a document by which Olympia had released the DeKalb County property (this property had been mortgaged to Olympia by defendants Marc Fobbus and Cheryl Fobbus as security for the payment of the promissory note). Olympia further asserted that its mortgage on the property located in Cherokee County was superior to a mortgage later given to Associates on the same property. Associates answered, saying that Olympia's mortgage was subordinate to that of Associates.
Olympia moved for a partial summary judgment on its first count, which the trial court denied. However, the trial court granted Associates' motion for summary judgment, holding that Associates' mortgage on the Cherokee County property was superior to and had priority over Olympia's mortgage on that same property.[1] Olympia appeals from the summary judgment. We reverse and remand.
On December 22, 1987, Marc Fobbus, Cheryl Fobbus, and Helen Fobbus Oyler executed a promissory note in favor of Olympia in the principal amount of $50,000. As security for payment of that obligation, Marc and Cheryl Fobbus executed a mortgage in favor of Olympia on real property they owned in DeKalb County, Alabama. As further security for the same obligation, Helen Fobbus Oyler executed a mortgage in favor of Olympia on real property in which she had a one-half ownership interest in Cherokee County, Alabama.
On June 9, 1988, Marc and Cheryl Fobbus borrowed $97,849.17 from Associates. Mortgages on the same DeKalb and Cherokee County properties were executed in Associates' favor to secure this obligation. Associates issued a check for $13,000 to Marc and Cheryl Fobbus and Olympia for the satisfaction of Olympia's mortgage and the release of the DeKalb County property.
Associates claimed that it did not seek a release of the land subject to Olympia's Cherokee County mortgage because it was unaware of that mortgage. It is undisputed that when preparing the Cherokee County mortgage, Olympia incorrectly identified the mortgagor as Helen Fobbus Ogler. The correct spelling of her name is O-y-l-e-r. As a result of this misspelling, the mortgage was improperly indexed in the property records of Cherokee County. A title search performed by an abstractor employed by TRW Real Estate Loan Services *Page 479 
failed to reveal Olympia's mortgage on the Cherokee County property.
Olympia sued, alleging that there was a question as to the superiority and priority of its mortgage on the Cherokee County property. It requested that the trial court enter a judgment for the unpaid balance of the debt owed by Marc Fobbus, Cheryl Fobbus, and Helen Fobbus Oyler. Olympia claimed that the release affected only the DeKalb County property and that Marc and Cheryl Fobbus and Helen Fobbus Oyler remained liable on the promissory note executed in favor of Olympia.
Associates maintained that its interest in the Cherokee County property was superior to Olympia's interest in that property. Associates moved for a summary judgment on the ground that it had taken its mortgage without actual or constructive knowledge of Olympia's prior mortgage on the Cherokee County property. Olympia argued in opposition to Associates' motion for summary judgment that Associates had had actual knowledge of Olympia's prior mortgage. Olympia claimed that Mr. Charles C. Collins, its president and sole stockholder, had informed Mr. Dave Tarbox, a manager of Associates, of the existence of Olympia's Cherokee County mortgage. Associates disputed the assertion that Collins had informed Tarbox of the mortgage. The trial court granted Associates' motion for summary judgment.[2]
A person taking a real property interest can have either actual or constructive knowledge of a prior interest in the property, or can have both kinds of knowledge. Either gives the holder of the prior interest priority over the person taking the subsequent interest. Ala. Code 1975, § 35-4-90, provides:
 "(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors."
(Emphasis added.) The parties do not dispute that Olympia's mortgage on the Cherokee County property was incorrectly indexed and that constructive knowledge was thereby precluded. An instrument that is outside the chain of title does not give constructive notice of the contents of that instrument.Rolling "R" Constr., Inc. v. Dodd, 477 So.2d 330 (Ala. 1985). Therefore, the sole issue before this Court is whether the trial court erred in finding that there was no genuine issue of material fact concerning whether Associates had taken its mortgage on the Cherokee County property with actual knowledge of Olympia's prior mortgage on that property.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine: (1) that there is no genuine issue of material fact; and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden *Page 480 
does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110
(Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094 (Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758
(Ala. 1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381
(Ala. 1986); see also Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
Because this action was filed after June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that, once the movant makes his prima facie showing, the nonmovant meet his burden by "substantial evidence." Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test, the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989) (citing Rowden v.Tomlinson, 538 So.2d 15, 19 (Ala. 1988) (Jones, J., concurring)). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." W. Schwarzer, SummaryJudgment Under the Federal Rules: Defining Genuine Issues ofMaterial Fact, 99 F.R.D. 465, 481 (1982).
Our review of the evidence presented to the trial court on Associates' motion for summary judgment leads us to conclude that the court erred in finding that there was no material issue of fact with regard to whether Associates had had actual knowledge of Olympia's prior mortgage.
Although the parties strongly disagree as to whether Mr. Collins expressly informed Mr. Tarbox of the existence of the prior Olympia mortgage, we find that there is a genuine issue of material fact as to whether the circumstances were such that Associates was under an obligation to inquire into the existence of a prior mortgage on property on which it was also taking a mortgage. In White v. Boggs, 455 So.2d 820 (Ala. 1984), we stated that " '[w]hatever is sufficient to excite attention and put the party on his guard and call for inquiry is notice of everything to which the inquiry would have led.' " Id. at 821 (quoting Jefferson County v. Mosley, 284 Ala. 593, 599,226 So.2d 652, 656 (1969)).
 "Notice of a claim of interest in real property can be inferred from knowledge of facts sufficient to put a reasonably prudent person on inquiry, which if pursued, would lead to the discovery of the title asserted by some other party, Murphree v. Henson, 289 Ala. 340, 267 So.2d 414
(1972); or otherwise stated: knowledge of facts which would lead an ordinarily prudent person to further inquiry about the title of the vendor. Dewyer v. Dover, 222 Ala. 543, 133 So. 581 (1931)."
First Alabama Bank of Tuscaloosa v. Brooker, 418 So.2d 851, 856
(Ala. 1982); see also First Alabama Bank of Huntville v. Key,394 So.2d 67, 68 (Ala.Civ.App. 1981) ("[w]hatever is sufficient to put one on guard, and call for inquiry, is notice of everything to which inquiry would lead").
Mr. Collins stated in his deposition that Mr. Tarbox understood that there were two pieces of property and that Olympia was willing to release only the DeKalb County property. In response to questioning about whether he told Mr. Tarbox about the mortgage on the Cherokee County property, Mr. Collins stated in his deposition that he was sure that the existence of *Page 481 
the mortgage was discussed in a conversation between him and Mr. Tarbox. Conversely, Mr. Tarbox stated in an affidavit that Mr. Collins never told him about the mortgage on the Cherokee County property. "The trial court may consider pleadings, answers to interrogatories, depositions, and affidavits in determining whether there is a genuine issue of material fact."Greene v. Thompson, 554 So.2d 376, 379 (Ala. 1989) (citing Rule 56(c), A.R.Civ.P.) (emphasis added).
Further, Olympia raised a question regarding a notation made on the $13,000 check that Associates had issued to the Fobbuses and Olympia. The notation indicated that the check was for the release of Olympia's mortgage on the DeKalb County property. We believe that the jury could draw from this notation an inference in determining whether Associates had actual knowledge of Olympia's prior mortgage on the Cherokee County property. In this case, it is plausible that the notation on the face of the check relating to the DeKalb County mortgage could suggest that the person making the notation was aware of other existing mortgages. Evidence was presented in the deposition testimony of Mr. Collins that Olympia would not release its mortgage on the DeKalb County property without a notation on the check from Associates indicating that the release pertained only to the DeKalb County property and not the Cherokee County property.
Finally, we note, in agreement with Olympia, that "the plaintiff, to counter the defendant's evidence in support of [its] motion for summary judgment, need not show to a mathematical certainty that [the nonmovant] would prevail on [its] claims; [the nonmovant] need only place before the court genuine issues of material fact." Berner v. Caldwell,543 So.2d 686, 690 (Ala. 1989). We believe that "reasonable and fair-minded persons in the exercise of impartial judgment" might conclude that Associates had taken its mortgage with actual knowledge of, or such knowledge as to put it on inquiry as to, the existence of Olympia's prior mortgage. Ala. Code 1975, § 12-21-12. Because there exists a genuine issue of material fact as to whether the mortgage of Associates is superior to and has priority over the mortgage held by Olympia, the summary judgment was improper.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The trial court subsequently entered a Rule 54(b) judgment as to Associates on both counts alleged in Olympia's complaint. On this appeal, we are not presented with any issue pertaining to the individual defendants.
[2] In its order the trial court stated:
 "The Defendant, Associates Financial Services, seeks a summary judgment against the Plaintiff establishing the priority and superiority of the Associates mortgage to that of the Plaintiff.
 "It is undisputed that the Plaintiff's mortgage was misindexed in the records of the Probate Court of Cherokee County, due to the misspelling of the mortgagor's name, and that the misspelling thereof was caused by the Plaintiff. The Court further finds that it is substantially undisputed that the Defendant, Associates Financial Services, did not have either constructive or actual knowledge of the mortgage of the Plaintiff.
 "There being no material issue of fact, and the Defendant, Associates Financial Services, being entitled to a judgment as a matter of law, it is,
 "ORDERED, ADJUDGED AND DECREED that the mortgage of the Defendant, Associates Financial Services, Inc., is superior to and has priority over, that mortgage of the Plaintiff on property in Cherokee County, Alabama, made the subject of this suit."